■ In the Matter of ROBERT V. BROCHER, Appellant, v CHRISTINE BROCHER, Respondent. [624 NYS2d 61] —In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (DeMaro, J.), dated May 12, 1992, which denied his petition for modification of an order of the same court, entered February 28, 1991, denying him visitation with his daughter.

Ordered that the order dated May 12, 1992, is affirmed, without costs or disbursements.

By a petition dated September 26, 1991, the petitioner, claiming changed circumstances, sought a modification of an order of the Family Court, Nassau County, dated February 28, 1991, to permit him to have visitation with his daughter. To warrant modification of an order fixing visitation, even one entered on the consent of both parties, there must be a change of circumstances, and the change must be material *(see,* Family Ct Act § 467 [b]; *Taft v Taft,* 135 AD2d 809; *Sorrentino v Sorrentino,* 122 AD2d 604). A hearing was conducted in this case on April 10, 1992, to ascertain whether a material change had, in fact, occurred.

The evidence adduced at the hearing indicates that no material change of circumstances exists. The petitioner continues to exhibit the narcissistic and selfish attitude that he exhibited in the past. He considers himself victimized by the denial of visitation and refuses to acknowledge that his past abusive behavior is responsible therefor. He exhibits no empathy for his daughter or insight into her situation. He has not taken any steps to address the key issue on which the February 28, 1991, order is premised, i.e., his abusive behavior. Further, evidence adduced during an in-camera interview with the child confirms that visitation with the petitioner would not be in the best interests of the child at this time *(see,* Domestic Relations Law § 240; *Friederwitzer v Friederwitzer,* 55 NY2d 89; *Nacson v Nacson,* 166 AD2d 510). Thus, the Family Court's determination has a sound and substantial basis in the record, and it will not be disturbed on appeal *(see, Matter of Darlene T.,* 28 NY2d 391).

We find no merit to the petitioner's remaining contentions. O'Brien, J. P., Ritter, Santucci and Friedmann, JJ., concur.