■ In the Matter of Jason DD., Appellant, v Maryann EE. et al., Respondents. (And Another Related Proceeding.) [771 NYS2d 920]—

Crew III, J. Appeals from two orders of the Family Court of Chemung County (Brockway, J.), entered January 2, 2003, which dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, for custody and visitation of petitioner's child.

Petitioner and respondent Maryann EE. (hereinafter the mother) are the biological parents of Pebbles DD., born in 1997. At some point prior to the commencement of these proceedings, petitioner and the mother were granted joint legal custody of the child with sole physical custody to the mother and supervised visitation to petitioner.

In July 2002, Pebbles was removed from her mother's home and respondent Chemung County Department of Social Services instituted a neglect proceeding against the mother. Petitioner thereafter commenced one of the two proceedings now before us seeking custody of Pebbles. Family Court dismissed petitioner's application for custody and denied his request that the child be placed with him pending resolution of the underlying neglect proceeding against the mother. In the interim, petitioner commenced a second proceeding seeking unsupervised visitation with the child, which also was dismissed by Family Court. These appeals ensued.

We affirm. Assuming, without deciding, that the issue of the child's placement is properly before us, we have been advised by the Law Guardian that the order of placement expired by its own terms on September 26, 2003. Accordingly, petitioner's argument regarding the propriety of that placement is moot (*see Matter of Alexzander B.*, 287 AD2d 820, 821 [2001]).

As to the issues of custody and visitation,* we cannot say that Family Court erred in dismissing the subject petitions without a hearing. Simply stated, the fact that a neglect proceeding was commenced against the child's mother did not constitute a sufficient change in circumstances to warrant granting unsupervised visitation, much less physical custody, to petitioner. As petitioner failed to otherwise make a sufficient evidentiary showing to trigger a hearing, dismissal was entirely appropriate (*see Matter of Audrey K. v Carolyn L.*, 294 AD2d 624 [2002]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.

---

* By order entered November 5, 2003, petitioner stipulated that his visitations with the child would be suspended pending demonstration of an appropriate change of circumstances.