■ In the Matter of LAWRENCE TIMSON, Appellant, v JANICE TIMSON, Respondent. [774 NYS2d 751]—

In a proceeding pursuant to Domestic Relations Law § 240, the father appeals (1) from an order of the Supreme Court, Nassau County (Stack, J.), dated March 5, 2003, which, inter alia, denied, without a hearing, his petition, in effect, for unsupervised visitation with the parties' child, and (2) from so much of an order of the same court dated June 26, 2003, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated March 5, 2003, is dismissed, as that order was superseded by the order dated June 26, 2003, made upon reargument; and it is further,

Ordered that the order dated June 26, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the mother.

Contrary to the father's contention, the Supreme Court properly denied, without a hearing, his petition, in effect, for unsupervised visitation with his child. One who seeks to modify an existing order of visitation is not automatically entitled to a hearing, but must make some evidentiary showing sufficient to warrant it (*see Matter of Goldberg v Goldberg*, 300 AD2d 585 [2002]; *Matter of Gerow v Gerow*, 257 AD2d 718 [1999]). Here, the father failed to provide any evidence to demonstrate a change of circumstances which would warrant unsupervised rather than supervised visitation.

The parties' remaining contentions are without merit. Altman, J.P., Krausman, H. Miller and Cozier, JJ., concur.