■ In the Matter of SHARON SITZER, Appellant, v GARY FAY, Respondent. [813 NYS2d 141]—

In a visitation proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Boggio, R.), dated May 20, 2004, which, granted the father's motion to dismiss the petition without a hearing.

Ordered that the order is modified, on the law, by deleting from the decretal paragraph thereof the phrase beginning with the words "that mother" and ending with the words "to go forward with this petition," and substituting therefor the words "that the petitioner mother failed to allege a sufficient change of circumstances which would warrant modification of the Family Court's order dated September 29, 1998, insofar as it denied the petitioner expanded visitation"; as so modified, the order is affirmed, without costs or disbursements.

We agree with the mother's contention that it was improper for the Family Court to enforce a prior order which conditioned any future applications for visitation on her obtaining therapy (*see Matter of Williams v O'Toole,* 4 AD3d 371 [2004]; *Matter of Cooper v Wolkowitz,* 215 AD2d 380 [1995]).

However, we find that the Family Court properly granted the father's motion to dismiss the mother's petition to modify an existing order of visitation without a hearing. The mother failed to allege a material change in circumstances including, inter alia, an improvement in her psychological and emotional health to a degree that she no longer presents the danger sought to be prevented by the restrictions imposed by the prior visitation order (*see Matter of Quinones v Lopez,* 13 AD3d 636 [2004]; *Matter of Walberg v Rudden,* 14 AD3d 572 [2005]).

The mother's remaining contentions are without merit. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.