■ In the Matter of DEAN ANTONIO DANVERS, Appellant, v AUDREY M. CLARKE, Respondent. [815 NYS2d 114]—In related proceedings pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Kings County (Gonzalez-Roman, R.), dated February 14, 2005, which, after a hearing, dismissed, without prejudice, his petition to modify the visitation provision contained in an order of the same court dated July 30, 2003, for failure to state a cause of action, and (2) an order of the same court dated April 13, 2005, which dismissed, with prejudice, his petition to enforce the visitation provision contained in the order dated July 30, 2003, and to increase visitation.

Ordered that the order dated February 14, 2005 is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated April 13, 2005 is modified, on the law, by deleting the provision thereof dismissing that branch of the petition which was to enforce the visitation provision of the prior order dated July 30, 2003; as so modified, the order is

affirmed, without costs or disbursements, that branch of the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

In December 2004 the father filed a petition to modify a prior order of custody and visitation, dated July 30, 2003, which was entered on consent of the parties. At the hearing, the father, who appeared pro se, claimed, inter alia, that the mother was interfering with his visitation rights. The Referee, after observing that the petition was one for modification of the visitation provision of the prior order and not one to enforce the visitation provision of the prior order, dismissed the petition without prejudice for "failure to state cause of action."

Shortly thereafter, the father filed a new petition which, in addition to seeking modification of the prior custody order by increasing visitation, sought to enforce the visitation provision of the prior order, alleging that the mother interfered with his visitation rights. At the hearing, the Referee, after admonishing the father for filing a second petition immediately after the dismissal of his first petition, dismissed the second petition with prejudice "due to the [father's filing of] a petition on [the] same issues." The father appeals from both orders.

The Referee properly dismissed the first petition, as the father failed to tender evidence of a material change in circumstance that would warrant a modification of the prior visitation order (*see Messinger v Messinger,* 16 AD3d 562, 563 [2005]; *Nash v Yablon-Nash,* 16 AD3d 471 [2005]; *Matter of Quinones v Lopez,* 13 AD3d 636 [2004]; *Weinreich v Weinreich,* 184 AD2d 505 [1992]; *Matter of Krebsbach v Gallagher,* 181 AD2d 363, 366 [1992]). The Referee also properly dismissed that branch of the second petition which was for modification of the visitation provision of the prior order, as the Referee had already ruled on that issue in connection with the first petition and the father tendered no new evidence in support of his position.

The Referee erred, however, in relying on the dismissal of the first petition as grounds for dismissing that branch of the second petition which was to enforce the visitation provision of the prior order. The father sought no similar relief in the first petition. Therefore, the Referee should have considered the father's violation claim on the merits. Because that claim raises issues of credibility which, in the first instance, should be determined by the Referee who saw and heard the witnesses, we reinstate that branch of the second petition and remit the matter to the Family Court for a determination thereof. Ritter, J.P., Luciano, Fisher and Lifson, JJ., concur.