■ WILLIAM R. NEFTLEBERG, Respondent, v DIANE P. NEFTLEBERG, Appellant. [835 NYS2d 210]—

In a matrimonial action in which the parties were divorced by judgment entered February 28, 2001, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated May 30, 2006, as denied that branch of her motion which was to modify a stipulation of settlement and modification agreement, dated August 24, 2001, so as to permit her new husband to be in the children's presence and company.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

As part of the custody and visitation portion of a stipulation of settlement dated July 21, 2000, it was agreed by the parties that, for one year following the execution of the stipulation of settlement, the defendant former wife (hereinafter the mother) "shall not have the children in the presence of" a certain named individual, who was a convicted felon (*see People v Kuethman,* 156 AD2d 472 [1989]). Pursuant to a so-ordered stipulation of settlement and modification agreement dated August 24, 2001, the condition excluding said individual from the childrens' presence during the mother's visitation was extended "for as long as the children are unemancipated." On November 15, 2003 the mother married the individual in question. Nonetheless, by further modification agreement dated October 11, 2004, the parties, inter alia, ratified the condition on the mother's visitation privileges, and agreed not to make further applications for modification until September 1, 2005.

In October 2005 the mother moved to modify the custody and visitation arrangement, inter alia, to change custody to her or, alternatively, to expand visitation so as to allow her new husband to be present when her children are in her custody. The Supreme Court denied the motion, without a hearing, finding that the mother had not demonstrated a change of circumstances which might indicate that the best interests of the children would warrant any modification of the existing custody and visitation arrangement.

We agree. The mother has failed to make an evidentiary showing of a previously uncontemplated change of circumstances

sufficient to warrant a hearing as to whether, under the totality of the circumstances, it would be in the children's best interest to have contact with the mother's new husband (*see Matter of Miller v Lee,* 225 AD2d 778 [1996]; *cf. Matter of Hight v Hight,* 19 AD3d 1159 [2005]). Crane, J.P., Goldstein, Fisher and Lifson, JJ., concur.