Matter of D.M.S. v S.S.P. (2007 NY Slip Op 51886(U))

[*1]

Matter of D.M.S. v S.S.P.

2007 NY Slip Op 51886(U) [17 Misc 3d 1108(A)]

Decided on October 4, 2007

Family Court, Nassau County

Singer, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 4, 2007

Family Court, Nassau County
In the Matter of a
Proceeding Under Article 6 of the Family Court Act, D.M.S., Petitioner,
against
S.S.P., Respondent.
S.S.P., Petitioner,
against
D.M.S., Respondent.
V-0000-00/00

Conrad D. Singer, J.
The matters currently before the Court are a petition by the mother to modify the visitation
terms of an order of custody and visitation, a cross petition by the father to modify
the custody
terms of a different order, a motion by the mother to dismiss the father's petition, and
a motion by the father to dismiss the mother's petition. The two minor children who are the
subject of these proceedings are R. and E., ages ten and seven respectively. The mother is
represented by Russell Marnell PC. The father is represented by Robert Mangi, Esq. Robert
Kurtz, Esq. was appointed law guardian.
By order of the Hon. Lawrence Brennan of this court dated October 25, 2004, the mother was
granted sole custody of the children and the father certain rights of visitation, on consent of the
[*2]parties. By order of the Hon. Steven M. Jaeger of this Court
dated December 19, 2005, the terms of visitation were amended, expanding the father's visitation
rights to a certain extent. This too was on consent. The mother currently seeks to modify the
order amending the visitation to scale back much of the expanded visitation she agreed to in
December of 2005. In response, the father seeks to modify the October 2004 order by seeking
sole custody of both children.
A review of the Court's file indicates that, as a result of countless court appearances and
petitions, as well as being before their third family court judge in three years, the parties fit the
profile of that breed of litigant that the family court tends to encounter all too often; the career or
habitual litigant. The moving documents in this current proceeding alone dispense such vitriolic
and venomous allegations as to make it clear that the parties, the parents, while each claiming to
be the true protector of the children's best interests, simply appear to be using the Court as a
vehicle to attack and demean one another. At one point this Court ordered a court ordered
investigation (COI) of the parties by the Department of Social Services (DSS). DSS produced
two reports, one dated July 11, 2007 and one dated September 5, 2007. While the parties were
not allowed to see the reports, their attorneys were. Being that each of the attorneys in this matter
is an experienced family law practitioner and both are well versed in the family law field, the
Court is certain they each explained to their respective client the sum and substance of the July
11, 2007 report. The description in that report of the effect these proceedings were having on one
of the children was so heart-wrenching, the Court is stunned, but more saddened on each child's
behalf, that the parents did not immediately recognize the agony they were causing their children
and put a stop to it by ending these proceedings. On the other hand, a reading of all the moving
documents in this case make it clear the parents have lost sight of the true purpose of these
proceedings long ago and appear to be solely interested in ripping the other to shreds. The Court
is interested in reviewing the forensic report on this matter to see if the provider concurs.
MOTHER'S PETITION TO MODIFY VISITATION AND
FATHER'S MOTION TO DISMISS
The mother's petition seeks to modify the current visitation arrangements by
eliminating all mid-week visitation, changing the times of weekend visitation to shorten it by two
hours, and eliminating one of the father's three weekend visits each month, with the result being
an alternate weekend visitation schedule. It is well settled law that to modify an order of
visitation, the movant must establish a material change in circumstances warranting such a
modification. Danvers v. Clarke, 29
AD3d 578 (2d Dept. 2006). The most important factor to be considered is the best interests
of the children. Messinger v.
Messinger, 16 AD3d 562 (2d Dept. 2005). The mother fails to allege the requisite
change in circumstances in her petition. The crux of her argument is that the extracurricular
activities for which she has signed up the children render the father's visitation periods
inconvenient. This does not rise to the level of a change in circumstances. While it may be true
that E. would prefer to have time to come home and say goodbye to her dog, as the mother
asserts in her petition, it is not a reason to deny the father's "consented to" parenting time with his
child. Haran-Buckner v. Buckner, 188 AD2d 705 (3d Dept. 1992).
The mother further seeks to be given "right of first refusal" in the event that the father needs
a child care provider for his children during his visitation periods. The Court does not believe it
has the power to dictate to either parent who must be used as a child care provider. Seeking such
a right [*3]of first refusal is something the mother could have
done when negotiating either of the two previous orders of this Court.
Finally, the mother claims another reason to modify the visitation is because the father is a
"pathological liar" and lies to the children and others. It is interesting to note that the term
"pathological liar" is a label each parent in this case feels free to pin on the other. Even assuming
the father does regularly lie to the children and others, the mother does not assert that this is a
new situation and something she was unaware of. While the Court does not pretend to be an
expert in this particular "pathology", it is hard to believe that the pathology suddenly arose and
did not exist prior to either of the two previous orders being entered into on consent.
Accordingly, the mother has failed to establish an uncontemplated change in
circumstances which would warrant a hearing on the issues she has addressed. Neftleberg v. Neftleberg, 38 AD3d
864 (2d Dept. 2007). Accordingly, the father's motion to dismiss the mother's petition to
modify the visitation terms of the December 2005 order is granted and the mother's petition is
dismissed.
FATHER'S CUSTODY PETITION
AND
MOTHER'S MOTION TO
DISMISS
The father has filed a
petition seeking to modify the terms of the prior custody order to relieve the mother of sole
custody and grant him sole custody of the subject children. The father's many allegations include
questioning the mother's sexuality and her choice in partners, her squandering of assets, her
forcing the father to use a "punch clock" to indicate the exact times he drops off the children
from visitation, that she tells the children lies, that she became "enraged" over an ear piercing
incident, and more. Oddly, the father points out, with derision, that the mother exposed the
children to her alleged lesbian lifestyle and lover, but then complains that the mother cut off the
children's communication with the lesbian lover, which hurt the children. As with the mother's
papers, the father's allegations seem much more intended to denigrate and embarrass the mother
of his children than to support a custody application. This offensive mudslinging has bordered on
the bizarrely comical when the father, a former doctor, accused the mother, a lawyer, of violating
attorney-client privilege by addressing some of the father's legal problems in her petition papers.
To point out how inappropriate this was, the father then gave an example that, as her doctor, he
would violate doctor-patient privilege by discussing some of the mother's medical history. At
which point, the father then does indeed discuss certain medical procedures the mother has
endured. The Court can only assume the father mentions those procedures in the hope that it will
taint this Court's view of the mother. It does not. As with the mother's petition, the father's
petition is short on the best interests of the children but very long on venting his hatred for their
mother.
However, the father's petition does raise some issues which, if true, might be relevant in
determining custody. The father alleges that the mother interferes with his physical and phone
visitation, that she has a history of drug abuse (though it is not clear whether he is
alleging that persists today), that she has attempted to sully his reputation with the children's
school and that she has reported financial difficulty in supporting the children due to the
squandering of resources.
The mother's motion to dismiss attacks the father's petition and argues that the bulk of the
allegations contained therein occurred, if at all, prior to the date of the custody order. While the
mother's papers assert that the relevant date in this regard is the December 2005 date of the
modified order, the Court disagrees. The December 2005 order only addressed visitation and did
not effect custody. Instead, that order states "that all other terms and conditions of the order of
custody and [*4]visitation dated October 2004, shall remain in
full force and effect". Accordingly, since the December 2005 order did not modify custody in any
way, the father's modification would actually date back to the October 2004 order.
A party seeking to modify a custody agreement must establish a change in circumstances
from the date of that agreement.
DiVittorio v. DiVittorio, 36 AD3d 848 (2d Dept. 2007), Smoczkiewicz v.
Smoczkiewicz, 2 AD3d (2d Dept. 2003). The father's petition herein does state, in general
terms, that his allegations have occurred "since the entry date of" the October 2004 order. For
that reason, the mother's motion to dismiss the father's petition is denied at this time. However, at
trial, the father will be limited to presenting evidence about circumstances and occurrences that
have taken place after October 25, 2004 up until the date of his petition.
Among the factors to be considered by the Court in modifying a custody order are the quality
of the home environment, the guidance provided by each parent, the extent to which each parent
provides for the children's emotional and intellectual development, the relative fitness of each of
the parents and the length of time the current custody arrangement has been in effect. Murray
v. Hall, 294 AD2d 504 (2d Dept. 2002). The burden will be on the father as the mother
currently has custody pursuant to a voluntary agreement of the parties and is therefore entitled to
priority. Id.
Accordingly, mother's motion to dismiss the father's petition for sole custody of the children
is denied and the father's custody petition is set down for a trial at 9:00 A.M. on October 16,
2007, October 18, 2007, October 19, 2007 and October 22, 2007. Despite the fact that the
mother's petition for modification is dismissed, should the father's fitness be effectively
impugned, some of her requested changes, if not more than she requested, could occur anyway.
The parties are cautioned that the hearing is for the purpose of exploring only those issues which
affect the best interests of the children. The Court will not be used as a forum for the parties to
attack one another. An attempt by either party to do so will be dealt with harshly.
Therefore, based on the foregoing, it is
ORDERED that the father's motion to dismiss the modification petition filed by the
mother is hereby granted and the modification petition filed by the mother, D.M.S., is hereby
dismissed; and it is further
ORDERED, that the mother's motion to dismiss the modification petition filed by
the father is denied and the parties are to appear for a hearing (on father's petition) on the issue of
modifying the custody order of October 25, 2004, at 9:00 A.M. on each of the following dates:
October 16, 2007, October 18, 2007, October 19, 2007 and October 22, 2007.
This constitutes the Decision and Order of the Court.
ENTER:
________________________________
Hon. Conrad D. Singer
Judge of the Family Court
Dated: October 4, 2007