■ In the Matter of SAL POTENTE, Appellant, v CRISTA WASILEWSKI, Respondent. [857 NYS2d 658]—

In a visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Devlin, J.), dated May 10, 2007, which, without a hearing, granted the mother's motion to dismiss the petition.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the father's contention, the Family Court properly granted the mother's motion to dismiss his petition for visitation without a hearing. The subject child was born in October 1996. The father was granted supervised visitation in 1997. He voluntarily discontinued supervised visitation in May 1998 and thereafter did not see the child.

A parent seeking a change in visitation is not automatically entitled to a hearing, but must make some evidentiary showing sufficient to warrant a hearing (*see Matter of Sitzer v Fay,* 27 AD3d 566 [2006]; *Matter of Walberg v Rudden,* 14 AD3d 572 [2005]). Here, the father failed to provide any evidence to demonstrate a change of circumstances which would warrant visitation with his son (*see Matter of Hongach v Hongach,* 44 AD3d 664 [2007]; *Matter of Timson v Timson,* 5 AD3d 691 [2004]).

The court possessed adequate relevant information to enable it to make an informed and provident determination as to the child's best interest (*see Matter of Hom v Zullo,* 6 AD3d 536 [2004]; *Matter of Smith v Molody-Smith,* 307 AD2d 364 [2003]), based upon, inter alia, an in camera interview with the child and the position of the attorney for the child, who had been involved in the case for several years (*see Matter of Grassi v Grassi,* 28 AD3d 482 [2006]; *Matter of Hom v Zullo,* 6 AD3d 536 [2004]). In view of the foregoing, the denial of a hearing was a provident exercise of discretion. Miller, J.P., Dillon, McCarthy and Chambers, JJ., concur.