■ In the Matter of JAMES A. DANN, Appellant, v JONNA L. DANN, Respondent. [858 NYS2d 844]—

Cardona, P.J. Appeal from an order of the Supreme Court (Garry, J.), entered June 27, 2007 in Chenango County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.

The parties are the parents of two children born in 1996 and 1998. Petitioner, currently incarcerated at Groveland Correctional Facility in Livingston County, is serving a prison term of 4 to 12 years following his conviction of arson in the third degree in connection with a fire at the residence of respondent and the minor children (see People v Dann, 14 AD3d 795 [2005], lv denied 4 NY3d 885 [2005]). By order dated October 27, 2004, petitioner apparently was granted, among other things, telephone access to the children every other Sunday.*

Petitioner thereafter commenced a modification proceeding seeking visitation with the children at the prison. Following a hearing, Family Court (Campbell, J.) dismissed petitioner's application, finding that such visitation would not be in the children's best interests. Approximately one year later, in May 2007, petitioner commenced the instant proceeding, again seeking "face to face" visitation with his children. Simultaneously, petitioner filed a violation petition alleging that respondent was interfering with his telephone access to the children and refusing to facilitate correspondence between them. Upon transfer of the matter from Family Court, Supreme Court (Garry, J.) dismissed the modification proceeding, finding that petitioner failed to demonstrate a sufficient change in circumstances to warrant reconsideration of the visitation issue. With regard to the violation petition, respondent admitted to a nonwillful violation of the prior order with respect to petitioner's telephone access to the children, and the parties stipulated that petitioner would have such access every Sunday between 6:00 P.M. and 7:00 P.M. and that correspondence between petitioner and the children would continue as previously awarded. In the event the children were unavailable at the appointed hour, provisions were made for petitioner to contact them at an alternate time. This appeal by petitioner ensued.

We affirm. While omission from the record on appeal of the

---

* The order sought to be modified is not included in the record on appeal.

order sought to be modified ordinarily would result in dismissal of the appeal (*see Matter of Pratt v Anthony*, 30 AD3d 708 [2006]), there is no dispute as to the access awarded petitioner under the prior order and, as such, we elect to reach the merits (*see Matter of Albanese v Albanese*, 44 AD3d 1117, 1118 n [2007]). To that end, we find no error in Supreme Court dismissing the modification petition, seeking visitation with the children at the prison, without conducting a hearing. The allegations contained therein were insufficient to make the requisite evidentiary showing of a change in circumstances, since the prior order, to trigger an evidentiary hearing (*see e.g. Matter of Jason DD. v Maryann EE.*, 4 AD3d 687, 688 [2004]). To the extent that the modification petition alleged that respondent was interfering with petitioner's access to the children, we need note only that, given the particular facts of this case, such allegations were more appropriately addressed in the context of the related violation petition.

Mercure, Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.