■ STATE OF NEW YORK ex rel. BARBARA D., Appellant, v FRANCIS D., Respondent. FRANCIS D., Respondent, v BARBARA D., Appellant. [870 NYS2d 325]—

Orders, Supreme Court, New York County (Laura Visitación-Lewis, J.), entered on or about July 15, 2008, which denied appellant former wife's motion for an order authorizing her unsupervised visitation with the parties' child, and dismissed her proceeding for a writ of habeas corpus, affirmed, without costs.

The continuation of supervised visits was directed by order of Supreme Court (Judith J. Gische, J.), entered December 3, 2004. According to that order, the supervised visitation would continue "for an indeterminate duration and until there has been a sufficient change in circumstances warranting a modification." The court expressed concern that appellant was coaching the then-five-year-old child to make accusations of abuse against her father. Although at that time the supervisors did not report

any actual coaching, Justice Gische noted that appellant's single-minded search to collect evidence to "get" the father was emotionally harmful to the child, and that her negative and hostile remarks confused and upset the child.

"One who seeks to modify an existing order of visitation is not automatically entitled to a hearing, but must make some evidentiary showing sufficient to warrant it" (*Matter of Timson v Timson*, 5 AD3d 691, 692 [2004]). With respect to the instant application, appellant has failed to make a prima facie showing of a sufficient effort on her part to break the pattern of hostility and destructive behavior that led the court to require supervised visitation in the first place. In fact, in an August 2007 letter to the court, appellant's therapist, Michael Leiman, CSW, stated: "She holds much anger—much stemming from her relationship with her ex husband & from present circumstances with the visits which she regards as unfair. This is reflected, probably, in hyper vigilance about [the child's] well being & over concerns of neglect by the father." This excerpt from a document submitted by appellant herself demonstrates that she has failed to gain sufficient insight into her underlying behavior. She expresses remorse only for some vituperative and profane tirades that she directed at her former husband, within earshot of the child. In weighing this claim of regret, we note that the tirades are undeniable because they were tape-recorded by the father. Accordingly, the court correctly determined appellant had failed to demonstrate a change in circumstances that would warrant a change in the conditions of visitation.

Appellant's additional argument that she should not have to continue to bear the cost of visitation is unfounded. She never objected to entry of the access monitor order, which sets forth the relevant fees. Moreover, in a previous order, the court noted, contrary to appellant's current contention, that at an appearance in October 2007, the access supervisor informed the court he had repeatedly offered to arrange for appellant to receive free supervision services through the Society for the Prevention of Cruelty to Children. The court also noted that appellant did not at that time dispute the supervisor's representation and indeed agreed that he should make the necessary arrangements.

In light of that portion of the order directing the resumption of supervised visitation at the earliest date possible, the court correctly dismissed the proceeding for a writ of habeas corpus as moot.

We have considered appellant's remaining arguments and find them without merit. Concur—Andrias, J.P., Nardelli and DeGrasse, JJ.

Sweeny and Freedman, JJ., dissent in part in a memorandum by Sweeny, J., as follows: I must part company with the majority on two issues.

I agree that a party seeking modification of an existing order of visitation is not automatically entitled to a hearing, but must make a sufficient evidentiary showing of changed circumstances to warrant one (*Matter of Timson v Timson*, 5 AD3d 691 [2004]). In this case, appellant has made such a showing.

The evidence fully warranted the imposition of supervised visitation in the past. Furthermore, appellant's repeated applications to terminate supervised visitation feed into that conduct and would try the patience of any trial court. However, on the record before us, appellant, on this application, has sufficiently met her burden of showing changed circumstances to at least warrant a hearing.

Appellant submitted a certificate, dated July 27, 2007 that she had completed a parenting course. While the majority cites her therapist's report of August 2007 to the court that she still "holds much anger" against her ex-husband, it does not appear anywhere that that anger is in any way directed at the child. Indeed, later reports from the therapist, whom appellant has been seeing on a regular basis, state in no uncertain terms that supervised visitation was doing more harm than good to the mother-child relationship and should be ended immediately. Also reflected in those reports are the concerns about the role of the supervisor in the visitation process.

It goes without saying that the main factor in determining appropriate visitation between parent and child is the best interests of the child. We have previously noted—and this is in no way a criticism of the lower court—that "The court's observations of [a party's] demeanor and conduct in court should not be the focus when considering the visitation arrangement. The focus must be solely on the child's best interest, which is normally best protected by allowing the development of the fullest possible healthy relationship with both parents" (*Nimkoff v Nimkoff*, 18 AD3d 344, 347 [2005]; *see also Weiss v Weiss*, 52 NY2d 170, 174-175 [1981]).

Significantly, the child is now 10 years old. It has been almost five years since the entry of the original order which is a significant period in this child's development. Appellant's therapist's comments of September 8, 2007 are noteworthy in this regard: "Supervised visits should end now. They do not make Barbara a better mother. They do not foster healthier & more consistent contact between mother & daughter. In fact they are doing the opposite. They do not serve Barbara as a parent & they do not serve the mother & child relationship."

In short, unlike her prior applications to end supervised visitation, appellant has now demonstrated that she has taken some affirmative steps to alter her prior conduct. The parenting course, which was not mandated by the court, along with her regular therapy, indicates an awareness that her prior conduct was inappropriate and detrimental. Her issues with the visitation supervisor, whether or not justified, are also apparently being addressed differently than she would have in the past.

I emphasize that the evidence submitted warrants nothing more than a hearing where the court can take testimony, tested by cross-examination, and then be able to make an informed decision whether to grant, deny or modify appellant's application.

In that connection, I believe the court improperly rejected as "overbroad" appellant's draft subpoena to obtain access to the supervisor's records, which would be highly relevant to a determination whether supervision should be terminated. The subpoena was limited in time and scope to documents after January 2007, pertaining to supervision of appellant's visits with the child. One of the recurrent themes in her therapist's reports to the court has been appellant's complaints about the visitation supervisor. Whether or not these complaints are legitimate remains to be seen, but certainly those records, limited in time and scope, would be highly relevant at a hearing.

On all remaining issues, I concur with the majority.