■ In the Matter of MARK MENNUTI, Appellant, v BIANCA BERRY, Respondent. [874 NYS2d 502]—In a proceeding pursuant to Family Court Act article 6, inter alia, to modify the visitation provisions of an order of the Family Court, Suffolk County (Lynaugh, J.), dated November 1, 2007, the father appeals from an order of the same court dated April 15, 2008, which, without a hearing, dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the father's contention, the Family Court providently exercised its discretion in dismissing, without a hearing, his petition, inter alia, to modify an existing order of visitation (*see Matter of Walberg v Rudden,* 14 AD3d 572 [2005]; *Matter of Blake v Vilbig,* 288 AD2d 470 [2001]; *Matter of Milhollen v Voelpel,* 270 AD2d 422 [2000]). A person who seeks to modify an existing order of visitation is not automatically entitled to a hearing, but must make some evidentiary showing sufficient to warrant a hearing (*see Matter of Walberg v Rudden,* 14 AD3d at 572; *Matter of Steinharter v Steinharter,* 11 AD3d 471 [2004]; *Matter of Timson v Timson,* 5 AD3d 691 [2004]; *Matter of Blake v Vilbig,* 288 AD2d at 470). Here, the father failed to allege or provide any evidence of a subsequent change of circumstances which would warrant a hearing on the issue of increased visitation (*see Matter of Potente v Wasilewski,* 51 AD3d 675, 676 [2008]; *Matter of Hongach v Hongach,* 44 AD3d 664 [2007]; *Matter of Timson v Timson,* 5 AD3d 691 [2004]). Moreover, the Family Court was fully familiar with relevant background facts regarding the parties and the child based on several prior proceedings (*see Matter of Pignataro v Davis,* 8 AD3d 487 [2004]; *Matter of Hom v Zullo,* 6 AD3d 536 [2004]; *Matter of Smith v Molody-Smith,* 307 AD2d 364 [2003]).

The father's remaining contention is not properly before this Court (*see* CPLR 5501). Prudenti, P.J., Dillon, Covello and Leventhal, JJ., concur.