■ In the Matter of ROBERTO RODRIGUEZ, Appellant, v DIANE ADELE HANGARTNER, Respondent. [874 NYS2d 501]—

In a visitation proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Lynaugh, J.), dated May 28, 2008, as dismissed, without a hearing, his petition to enforce and modify the visitation provisions of the parties' judgment of divorce entered December 22, 2006.

Ordered that the order is modified, on the law, by deleting the provision thereof dismissing that branch of the petition which was to enforce the visitation provisions of the judgment of divorce; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, that branch of the petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings thereon.

To modify an order of visitation, there must be a material change of circumstances (see Family Ct Act § 467 [b]; *Nash v Yablon-Nash*, 16 AD3d 471 [2005]; *Matter of King v King*, 266 AD2d 546 [1999]). A parent seeking a change in visitation is not

automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing (*see Matter of Gold v Gold*, 53 AD3d 485 [2008]; *Matter of Potente v Wasilewski*, 51 AD3d 675 [2008]; *Matter of Simpson v Ptaszynska*, 41 AD3d 607 [2007]). The father failed to make an evidentiary showing of changed circumstances sufficient to warrant a hearing. Accordingly, the Family Court properly dismissed that branch of the petition which was to modify the visitation provisions of the judgment of divorce.

However, the petition also sought enforcement of the current visitation provisions of the judgment of divorce. The mother conceded that she did not permit holiday visitation in accordance with the terms of the judgment of divorce. Instead, she relied upon an alleged understanding between the parties to limit such visitation. Accordingly, the Family Court erred in dismissing that branch of the petition which was to enforce the visitation provisions of the judgment of divorce (*see Matter of Danvers v Clarke*, 29 AD3d 578 [2006]). Spolzino, J.P., Santucci, Balkin and Chambers, JJ., concur.