In the Matter of CATHERINE VARRICCHIO, Respondent, v KENNETH VARRICCHIO, Appellant. [890 NYS2d 588]

By order of the Family Court, Nassau County (Lawrence, J.), dated September 30, 2004, the mother was awarded custody of the subject children with supervised visitation to the father. The mother subsequently commenced an action for divorce in Supreme Court, Nassau County. While the divorce action was pending, the father filed, in Family Court, at least two petitions for modification of the September 30, 2004 order. In an order dated January 2, 2008, the Family Court barred the father from making any custody or visitation applications without its prior written approval. Shortly thereafter, the father moved in the

Supreme Court, among other things, to modify the September 30, 2004 order. The Supreme Court referred the matter to the Family Court pursuant to Family Court Act § 467 (a). The Family Court, inter alia, denied that branch of the motion. We affirm.

To modify an order of visitation, there must be a material change in circumstances (*see* Family Ct Act § 467 [a]; *Matter of Pignataro v Davis,* 8 AD3d 487 [2004]). A parent seeking to modify an existing order of visitation is not automatically entitled to a hearing, but must make some evidentiary showing sufficient to warrant a hearing (*see Matter of Rodriguez v Hangartner,* 59 AD3d 630 [2009]; *Matter of Potente v Wasilewski,* 51 AD3d 675 [2008]). Here, the father failed to allege or provide any evidence of a subsequent change of circumstances which would warrant a hearing on the issue of unsupervised visitation (*see Matter of Mennuti v Berry,* 59 AD3d 625 [2009]; *Matter of Walberg v Rudden,* 14 AD3d 572 [2005]).

Since the father did not take an appeal from the order requiring him to obtain written court approval before making any custody or visitation application (*see Matter of Shreve v Shreve,* 229 AD2d 1005 [1996]; *see also Matter of Simpson v Ptaszynska,* 41 AD3d 607 [2007]), the issues raised by the father challenging the propriety of that order are not properly before this Court for review (*see Matter of Groesbeck v Groesbeck,* 52 AD3d 903 [2008]; *Herman v Herman,* 191 AD2d 535 [1993]). Mastro, J.P., Belen, Hall and Austin, JJ., concur.