■ In the Matter of PEDRO COLLAZO, Appellant, v JESSICA REED COLLAZO, Respondent. [911 NYS2d 658]—

In a custody and visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Freundlich, J.), dated January 8, 2010, which, without a hearing, in effect, dismissed his petition to modify a prior order of visitation.

Ordered that the order is affirmed, without costs or disbursements.

In order to modify an order of visitation, there must be a material change of circumstances (*see Matter of Rodriguez v Hangartner*, 59 AD3d 630 [2009]; *Matter of Gold v Gold*, 53 AD3d 485, 488 [2008]; *Matter of Steinharter v Steinharter*, 11 AD3d 471 [2004]). "In general, an evidentiary hearing is necessary regarding a modification of visitation" (*Matter of Perez v Sepulveda*, 51 AD3d 673, 673 [2008]). However, one who seeks a change in visitation is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing (*see Matter of Reilly v Reilly*, 64 AD3d 660 [2009]; *Matter of Rodriguez v Hangartner*, 59 AD3d at 630; *Matter of Walberg v Rudden*, 14 AD3d 572 [2005]; *Matter of Brocher v Brocher*, 213 AD2d 544 [1995]).

Here, the father failed to allege a material change in circumstances between the time the order of visitation was issued and the filing of his petition. Accordingly, the Family Court properly, in effect, dismissed the petition without a hearing (*see Matter of Reilly v Reilly*, 64 AD3d 660 [2009]; *Matter of Rodriguez v Hangartner*, 59 AD3d at 630; *Matter of Dann v Dann*, 51 AD3d 1345 [2008]; *Matter of Walberg v Rudden*, 14 AD3d 572 [2005]; *Smoczkiewicz v Smoczkiewicz*, 2 AD3d 705, 706 [2003]; *Matter of Cooke v Miller*, 300 AD2d 959 [2002]; *Matter of Brocher v Brocher*, 213 AD2d 544 [1995]). Mastro, J.P., Covello, Angiolillo and Lott, JJ., concur.