■ In the Matter of JOSE FIGUEROA, Appellant, v JACQUELINE LEWIS, Respondent. [916 NYS2d 833]—

In a visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Sammarco, J.), dated April 8, 2010, which, without a hearing, dismissed his petition to modify a prior order of visitation.

Ordered that the order is affirmed, without costs or disbursements.

"Modification of an existing custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child[ren]" (*Matter of Leichter-Kessler v Kessler*, 71 AD3d 1148, 1148-1149 [2010]; *see Matter of Mazzola v Lee*, 76 AD3d 531 [2010]; *Matter of Balgley v Cohen*, 73 AD3d 1038 [2010]; *Matter*

*of Riedel v Riedel,* 61 AD3d 979 [2009]; *Matter of Molinari v Tuthill,* 59 AD3d 722, 723 [2009]). While "[i]n general, an evidentiary hearing is necessary regarding a modification of visitation" (*Matter of Perez v Sepulveda,* 51 AD3d 673, 673 [2008]), one who seeks a change in visitation is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing (*see Matter of Reilly v Reilly,* 64 AD3d 660 [2009]; *Matter of Rodriguez v Hangartner,* 59 AD3d 630, 630-631 [2009]; *Matter of Walberg v Rudden,* 14 AD3d 572 [2005]) and "a hearing will not be necessary where the court possesses adequate relevant information to enable it to make an informed and provident determination as to the child[ren's] best interest" (*Matter of Hom v Zullo,* 6 AD3d 536 [2004]; *see Matter of Perez v Sepulveda,* 51 AD3d at 673; *Matter of Smith v Molody-Smith,* 307 AD2d 364 [2003]).

Here, the father failed to allege a sufficient change in circumstances between the time the order of visitation was issued and the filing of his petition which would warrant a hearing on the issue of whether he was entitled to supervised therapeutic visitation. Accordingly, the Family Court properly dismissed the petition (*see Matter of Collazo v Collazo,* 78 AD3d 1177 [2010]; *Matter of Varricchio v Varricchio,* 68 AD3d 774, 775 [2009]; *Matter of Reilly v Reilly,* 64 AD3d 660 [2009]; *Matter of Rodriguez v Hangartner,* 59 AD3d at 631). Dillon, J.P., Covello, Florio and Hall, JJ., concur.