In the Matter of PAUL CASTAGNINI, Appellant, v LORI M. HYMAN-HUNT, Respondent. [996 NYS2d 922]—

Appeal from an order of the Family Court, Kings County (Michael L. Katz, J.), dated November 27, 2012. The order, without a hearing, dismissed the father's petition to modify so much of a prior order of that court as terminated his visitation.

Ordered that the order dated November 27, 2012, is affirmed, without costs or disbursements.

Where a court has previously sanctioned a custody or visitation arrangement, the " '[m]odification of [that] arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child' " (*Matter of Mazzola v Lee*, 76 AD3d 531, 531 [2010], quoting *Matter of Leichter-Kessler v Kessler*, 71 AD3d 1148, 1148-1149 [2010]). Generally, an evidentiary hearing is necessary in determining whether a modification of visitation is warranted (*see Matter of Figueroa v Lewis*, 81 AD3d 823, 824 [2011]; *Matter of Perez v Sepulveda*, 51 AD3d 673, 673 [2008]). However, a parent seeking a change of visitation is not automatically entitled to a hearing, but must make an evidentiary showing of a change in circumstances sufficient to warrant a hearing (*see Matter of Figueroa v Lewis*, 81 AD3d at 824; *Matter of Ross v Ross*, 68 AD3d 878, 878-879 [2009]; *Matter of Reilly v Reilly*, 64 AD3d 660, 660 [2009]; *Matter of Rodriguez v Hangartner*, 59 AD3d 630, 630-631 [2009]). Here, the father failed to allege a sufficient change in circumstances between the issuance of a custody order by the Family Court on May 8, 2009, and the filing of his petition. Accordingly, the Family Court properly dismissed the petition without a hearing (*see Matter of Collazo v Collazo*, 78 AD3d 1177 [2010]; *Matter of Walberg v Rudden*, 14 AD3d 572 [2005]). Rivera, J.P., Roman, Duffy and Barros, JJ., concur.