■ In the Matter of KENT D., Appellant. RACHEL D., Respondent. [41 NYS3d 705]—

Order, Family Court, New York County (Susan K. Knipps, J.), entered on or about May 7, 2015, which denied petitioner's motion for a forensic evaluation and granted the cross motion of the attorney for the subject child to dismiss the petition

seeking, in effect, to modify a judgment of divorce to provide for visitation with the child, unanimously affirmed, without costs.

In February 2008, petitioner stabbed respondent mother seven times with a kitchen knife and repeatedly punched her, while their child was in the room. Petitioner was convicted of assault in the first degree and endangering the welfare of the child, and sentenced to a prison term of 11 years. A 19-year order of protection was subsequently issued prohibiting him from having any contact with the child, except by order of the Family Court. In proceedings in Family Court, the mother was awarded custody of the child, who was suffering from post-traumatic stress disorder, and petitioner was directed to engage in services including anger management and a mental health evaluation. The judgment of divorce issued by Supreme Court in 2012 granted custody to the mother and adjudged that petitioner had no rights of visitation with the child pursuant to the order of protection.

The Family Court properly granted the cross motion to dismiss the visitation petition without a hearing, because petitioner failed to make any evidentiary showing of changed circumstances (see Matter of Naomi S. [Hadar S.], 87 AD3d 936, 938 [1st Dept 2011], lv denied 18 NY3d 804 [2012]; Matter of Timson v Timson, 5 AD3d 691, 692 [1st Dept 2004]). His claim that he completed an anger management program in prison was unsubstantiated, and his belief that enough time had passed so that the child should be emotionally ready to see him was unsupported and contradicted by a social worker's affidavit submitted in opposition. Given petitioner's failure to establish his entitlement to a hearing, and the evidence of the child's continuing symptoms and desire not to see him, the court also providently exercised its discretion in denying his motion for a forensic evaluation. Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Kahn, JJ.