PATRICK J. CARNEY, Appellant, v JUN W. CARNEY, Respondent. PAUL B. WATKINS, ESQ., Attorney for the Children, Appellant. [54 NYS3d 897]—

Appeal from an order of the Supreme Court, Monroe County (Richard A. Dollinger, A.J.), entered January 5, 2016. The order dismissed the application of plaintiff to modify a prior stipulated order.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff father and the Attorney for the Children (AFC) appeal from an order granting defendant mother's motion to dismiss the father's post-divorce application seeking to modify a prior stipulated order by, as limited by his request below, changing his visitation from supervised to unsupervised. The father and the AFC contend that Supreme Court erred in granting the mother's motion to dismiss the application without a hearing. We reject that contention. It is well established that "[a] hearing is not automatically required whenever a parent seeks modification of a custody [or visitation] order" (*Matter of Esposito v Magill*, 140 AD3d 1772, 1773 [2016], *lv denied* 28 NY3d 904 [2016] [internal quotation marks omitted]). Here, upon "giv[ing] the pleading a liberal construction, accept[ing] the facts alleged therein as true, [and] accord[ing] the nonmoving party the benefit of every favorable inference" (*Matter of Machado v Tanoury*, 142 AD3d 1322, 1323 [2016]), we conclude that the father's allegations regarding the unavailability of supervisors and the mother's conduct " 'do not set forth a change in circumstances which would warrant the relief sought,' " i.e., unsupervised visitation (*Matter of Ragin v Dorsey* [appeal No. 1], 101 AD3d 1758, 1758 [2012]; *see Matter of Var-*

*ricchio v Varricchio*, 68 AD3d 774, 775 [2009]; *Matter of Jason DD. v Maryann EE.*, 4 AD3d 687, 688 [2004]). We further conclude that the father otherwise "failed to make a sufficient evidentiary showing of a change in circumstances to require a hearing" (*Esposito*, 140 AD3d at 1773 [internal quotation marks omitted]; *see Matter of Hall v Hall*, 61 AD3d 1284, 1285 [2009]; *Matter of Sitzer v Fay*, 27 AD3d 566, 567 [2006]). Finally, we have reviewed the remaining contentions of the father and the AFC and conclude that they lack merit. Present—Centra, J.P., Peradotto, Carni, NeMoyer and Curran, JJ.