Rumsey, J.
 

 Appeal from an order of the Family Court of Broome County (Connerton, J.), entered June 22, 2016, which dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
 

 Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2002 and 2007). In 2013, an order was entered that awarded the mother sole custody of both children and permitted the father to apply for visitation upon completing certain requirements specified in the order. In February 2015, the father commenced a modification proceeding seeking visitation with the younger child. In September 2015, after a fact-finding hearing and a Lincoln hearing, Family Court found that the father had not seen the younger child since 2011 and awarded the father one supervised visit of one hour each month. We affirmed that order (Matter of Alan U. v Mandy V., 146 AD3d 1186 [2017]). In November 2015, after having had one supervised visit with the younger child pursuant to the September 2015 order, the father commenced this modification proceeding seeking “[l]onger visitation with [the] mother providing supervision.” During the hearing, after the close of the father’s proof and while the mother was in the process of presenting her evidence, Family Court dismissed the petition, concluding that the father did not prove the allegations of the petition. The father appeals.
 

 We affirm. “As the party seeking modification, it was the father’s burden to first demonstrate a change in circumstances since the entry of the prior order to warrant the court undertaking a best interests analysis in the first instance” (Matter of Alan U. v Mandy V., 146 AD3d at 1187 [internal quotation marks and citation omitted]). In the petition, the father alleged that the change in circumstances consisted of the child being more responsive to him than she had been previously, the mother agreeing that the father should have more frequent visitation that she would be willing to supervise and the mother’s termination of her relationship with her live-in boyfriend.
 

 At the hearing, the father restricted his proof to evidence supporting his claim that the child was more responsive to him, specifically adducing testimony regarding four visits, including three postpetition visits. Although Family Court properly allowed testimony regarding all four visits, only testimony regarding the single prepetition visit may be considered when determining whether the father demonstrated a change in circumstances (see Matter of Hamilton v Anderson, 143 AD3d 1086, 1088 [2016]). The father called Margaret Hanson, who supervised the father’s visits with the younger child. She testified that the first meeting—the only prepetition meeting—took place at a fast-food restaurant in November 2015. Hanson further testified that the interaction between the father and the child was normal and cordial, but also noted that the child seemed more interested in playing than in visiting with the father. The father testified only that the visit went “[r]eally well.” Such allegations, even when fully credited, do not constitute a change in circumstances that would permit the court to proceed to a best interests analysis, because they are based on a single visit that occurred after a four-year absence (see Matter of Lowe v Bonelli, 129 AD3d 1135, 1136 [2015]). Thus, the petition was properly dismissed.
 

 McCarthy, J.P., Egan Jr., Lynch and Rose, JJ., concur.
 

 Ordered that the order is affirmed, without costs.