Matter of Little v Little (2019 NY Slip Op 06330)





Matter of Little v Little


2019 NY Slip Op 06330


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


695 CAF 18-01398

[*1]IN THE MATTER OF MONICA LITTLE, PETITIONER-RESPONDENT-APPELLANT,
v
SCOTT LITTLE, RESPONDENT-PETITIONER-RESPONDENT. VICTORIA L. KING, ATTORNEY FOR THE CHILDREN, APPELLANT. (APPEAL NO. 1.) 






CARA A. WALDMAN, FAIRPORT, FOR PETITIONER-RESPONDENT-APPELLANT.
VICTORIA L. KING, CANANDAIGUA, ATTORNEY FOR THE CHILDREN, APPELLANT PRO SE.
KAMAN, BERLOVE, MARAFIOTI, JACOBSTEIN & GOLDMAN, LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR RESPONDENT-PETITIONER-RESPONDENT. 


 Appeals from an order of the Family Court, Ontario County (Frederick G. Reed, A.J.), entered May 31, 2018 in a proceeding pursuant to Family Court Act article 6. The order granted the motion of respondent-petitioner insofar as it sought to dismiss the amended petition. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion insofar as it seeks to dismiss the amended petition is denied, the amended petition is reinstated, and the matter is remitted to Family Court, Ontario County, for further proceedings in accordance with the following memorandum: Petitioner-respondent mother and respondent-petitioner father are the parents of two children and were divorced by a judgment entered on December 1, 2017. The judgment provided that the parties shall have joint legal and equal shared physical custody and residency of the children in accordance with the parties' September 2017 settlement agreement. Shortly thereafter, on December 7, 2017, the mother filed a family offense petition, alleging that the father committed offenses against her that constituted harassment in the first or second degree. In February 2018, the mother filed an amended petition seeking to modify the custody agreement and an order to show cause to modify the custody agreement. The mother and the Attorney for the Children (AFC) now appeal from orders granting the father's motion insofar as it sought to dismiss the amended petition (appeal No. 1) and vacate the order to show cause (appeal No. 2). They also appeal from an order granting the father's separate motion insofar as it sought to dismiss the family offense petition (appeal No. 3).
Initially, with respect to appeal Nos. 1 and 2, we reject the contention of the mother and the AFC that the father waived his contention that the mother had not alleged a sufficient change in circumstances warranting an inquiry into whether modification of the custody agreement is in the children's best interests. Although the father filed a cross petition seeking modification of the custody agreement and alleged a change in circumstances, that cross petition was filed only in the alternative in the event that Family Court did not grant his motion to, inter alia, dismiss the amended petition and vacate the order to show cause (cf. Matter of Rice v Wightman, 167 AD3d 1529, 1530 [4th Dept 2018], lv denied 33 NY3d 903 [2019]).
" To survive a motion to dismiss, a petition seeking to modify a prior order of custody [*2]and visitation must contain factual allegations of a change in circumstances warranting modification to ensure the best interests of the child' " (Matter of Gelling v McNabb, 126 AD3d 1487, 1487 [4th Dept 2015]). "When faced with such a motion, the court must give the pleading a liberal construction, accept the facts alleged therein as true, accord the nonmoving party the benefit of every favorable inference, and determine only whether the facts fit within a cognizable legal theory' " (Matter of Kriegar v McCarthy, 162 AD3d 1560, 1560 [4th Dept 2018]).
Contrary to the contention of the mother and the AFC, the court properly granted the father's motion insofar as it sought to vacate the order to show cause, and we therefore affirm the order in appeal No. 2. By that order to show cause, the mother sought to modify the custody agreement based on the father's alleged violation of that agreement as a result of an incident that occurred on February 5, 2018. Even accepting the allegations in the mother's affidavit in support of the order to show cause as true, we conclude that they did not establish a violation of the custody agreement or a change in circumstances, and there was therefore no basis to modify the custody agreement (see Carney v Carney, 151 AD3d 1912, 1912-1913 [4th Dept 2017], lv dismissed 30 NY3d 1012 [2017]; Matter of McIntosh v Clary, 129 AD3d 1392, 1392 [3d Dept 2015]).
With respect to appeal No. 1, however, we agree with the mother and the AFC that the court erred in granting the father's motion insofar as it sought to dismiss the amended petition. We conclude that the mother adequately alleged a change in circumstances warranting an inquiry into whether the children's best interests would be served by modifying the custody agreement, i.e., that the children's performance at school had deteriorated (see Matter of Brewer v Soles, 111 AD3d 1403, 1403-1404 [4th Dept 2013]; Matter of Hagans v Harden, 12 AD3d 972, 973 [3d Dept 2004], lv denied 4 NY3d 705 [2005]) and that increased animosity between the mother and the father made the shared custody arrangement unworkable (see Matter of Mattice v Palmisano, 159 AD3d 1407, 1408 [4th Dept 2018], lv denied 31 NY3d 909 [2018]; Leonard v Leonard, 109 AD3d 126, 128 [4th Dept 2013]). We therefore reverse the order in appeal No. 1, deny the father's motion insofar as it sought to dismiss the amended petition, reinstate that amended petition, and remit the matter to Family Court for a hearing on the amended petition and the cross petition (see Kriegar, 162 AD3d at 1561; Matter of Mayer v Londraville, 26 AD3d 758, 758 [4th Dept 2006]).
Finally, with respect to appeal No. 3, we reject the contention of the mother and the AFC that the court erred in granting the father's motion and dismissing the family offense petition. "[L]iberally construing the allegations of the family offense petition and giving it the benefit of every possible favorable inference, the petition failed to allege acts which, if committed by the [father], would constitute the family offenses of harassment in the first or second degree" (Matter of Lashlee v Lashlee, 161 AD3d 865, 866 [2d Dept 2018]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court