Matter of Diedrichs-Wheeler v McAvoy
2026 NY Slip Op 03537
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF KAROLINE L. DIEDRICHS-WHEELER, PETITIONER-APPELLANT,
v
CHRISTOPHER G. MCAVOY, RESPONDENT-RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
262 CAF 25-00392
Present: Montour, J.P., Ogden, Greenwood, Nowak, And Hannah, JJ.

CAITLIN M. CONNELLY, BUFFALO, FOR PETITIONER-APPELLANT.
SUSAN E. GRAY, CATONSVILLE, MARYLAND, ATTORNEY FOR THE CHILD.

Appeal from an order of the Family Court, Ontario County (Frederick G. Reed, A.J.), entered February 14, 2025, in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother appeals from an order that summarily dismissed her petition, which sought to modify an existing consent order of custody and visitation between the mother and respondent father by, primarily, changing the mother's visitation from supervised to unsupervised. We affirm.
We reject the mother's contention that Family Court erred in granting the father's motion to dismiss the modification petition without a hearing. It is well established that "[a] hearing is not automatically required whenever a parent seeks modification of a custody [or visitation] order" (Carney v Carney, 151 AD3d 1912, 1912 [4th Dept 2017], lv dismissed 30 NY3d 1012 [2017] [internal quotation marks omitted]). Here, even "upon giving the petition a liberal construction, accepting the facts alleged therein as true, and according the [mother] the benefit of every favorable inference" (Matter of Kelley v Fifield, 159 AD3d 1612, 1613 [4th Dept 2018]), we conclude that the mother failed to adequately set forth "factual allegations of a change in circumstances warranting modification to ensure the best interests of the child" (Matter of Bastoni v Bastoni, 244 AD3d 1830, 1830 [4th Dept 2025] [internal quotation marks omitted]). Contrary to the mother's assertions, "the mere passage of time and the child getting older do not constitute [sufficient] changes in circumstances" (Matter of Ford v Baldi, 123 AD3d 1399, 1400 [3d Dept 2014]), and she "otherwise failed to make a sufficient evidentiary showing of a change in circumstances to require a hearing" (Carney, 151 AD3d at 1913 [internal quotation marks omitted]). Notwithstanding the letter from the mother's visitation supervisor submitted with the petition reporting that the supervised visits that the mother managed to attend were successful, the record establishes that the mother alleged only that she had resumed exercising supervised visitation for six months following a three-year absence and that, at oral argument on the motion, the mother conceded that she had once again ceased exercising supervised visitation in the months immediately preceding the petition (see Matter of Alan U. v Mandy V., 155 AD3d 1359, 1360 [3d Dept 2017]).
Contrary to the mother's further contention, we conclude that the court did not abuse its discretion in implicitly denying her cross-motion for leave to amend the modification petition (see Matter of Harry P. v Cindy W., 48 AD3d 1100, 1100 [4th Dept 2008]).
Finally, to the extent that the mother contends that the Attorney for the Child (AFC) failed to adequately convey the child's position or that the court, despite the AFC's [*2]representations that she had spoken with the child and had met with the child on various prior occasions, should have adjourned the proceeding to facilitate another in-person meeting between the AFC and the child, those issues are raised for the first time on appeal and are thus not preserved for our review (see Matter of Mountzouros v Mountzouros, 191 AD3d 1388, 1390-1391 [4th Dept 2021], lv denied 37 NY3d 902 [2021]; Matter of Brown v Wolfgram, 109 AD3d 1144, 1145 [4th Dept 2013]).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court