■ SHIRLEY A. GNOZA, Appellant, v CONWAY GNOZA, Respondent. [740 NYS2d 226] —In a matrimonial action in which the parties were divorced by a judgment dated June 14, 1999, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Dorsa, J.), dated April 23, 2001, as denied her motion for a money judgment for certain arrears and an attorney's fee.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was for a money judgment and substituting therefor a provision granting that branch of the motion to the extent of $3,922.91 representing child support arrears, $3,120 representing the arrears on the cost of violin lessons for the parties' son and 50% of the cost of lessons since the judgment of divorce for which the plaintiff presented receipts, and $2,290 representing the defendant's obligation under the judgment of divorce to pay for two thirds of the cost of summer camp at Hofstra University; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

The parties were divorced by a judgment dated June 14, 1999. The plaintiff moved for leave to enter a judgment for certain arrears allegedly due and owing pursuant to the judgment of divorce, and for an attorney's fee. In support of her motion, the plaintiff averred that the defendant had failed to pay $3,922.91 in child support arrears awarded to her in the judgment of divorce. The defendant did not dispute that some arrears were owed. The Supreme Court denied the plaintiff's motion for a money judgment for the arrears, but granted her leave to submit an income execution for the amount demanded. The Supreme Court erred in denying the plaintiff a money

judgment in the amount of child support arrears found due and owing (*see* Domestic Relations Law § 244; *King v King,* 230 AD2d 775). Thus, the plaintiff is entitled to a money judgment in the amount of $3,922.91.

The plaintiff also averred that the defendant had failed to pay $2,480 awarded to her in the judgment of divorce for arrears on the cost of violin lessons for the parties' son, and failed to pay his 50% share of the cost of lessons since the judgment. The husband did not dispute that he had not made such payments, but asserted that the child did not want to take violin lessons. Thus, the plaintiff is entitled to a money judgment in the amount of $3,120, representing the arrears awarded in the judgment of divorce and 50% of the amount paid for lessons since the judgment for which the plaintiff presented receipts.

The plaintiff is also entitled to a judgment in the amount of $2,290, representing the defendant's obligation under the judgment of divorce to pay for two thirds of the cost of summer camp at Hofstra University.

The plaintiff also sought a money judgment for unreimbursed medical and optical expenses. However, on the record presented, the legitimacy and amount of such expenses cannot be determined. Thus, the matter is remitted to the Supreme Court, Queens County, for further proceedings concerning such claimed arrears.

Contrary to the defendant's contention, all of the plaintiff's requests for relief were properly before the Supreme Court (*see Matter of Delgado v Sunderland,* 290 AD2d 440, *revd on other grounds* 97 NY2d 420; *cf. Northside Studios v Treccagnoli,* 262 AD2d 469). With respect to the arrears other than child support, the defendant failed to argue or demonstrate good cause for his failure to have moved for relief from the judgment directing such payments prior to the accrual of arrears (*see* Domestic Relations Law § 244; *Wolfson v Public Adm'r of Nassau County,* 282 AD2d 743).

On the facts and circumstances presented, the Supreme Court providently exercised its discretion in denying that branch of the motion which was for an attorney's fee (*see* Domestic Relations Law § 238).

The plaintiff's remaining contentions are without merit. Ritter, J.P., Feuerstein, O'Brien, H. Miller and Townes, JJ., concur.