■ In the Matter of Damien P.C., Respondent-Appellant, v Jennifer H.S., Appellant-Respondent. [869 NYS2d 59]—

Contrary to the father's contention, the Law Guardian's advocacy of positions favoring the mother did not indicate improper bias. Nor was there any basis for refuting the court's finding that the forensic expert's testimony was credible. Under the factors to be considered in determining custody (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]), the parties were equally qualified, with one exception. Regarding who would better facilitate the relationship between the children and the noncustodial parent, the court agreed with the forensic expert's findings that the mother was the superior parent, based on evidence that she invited the father to the children's birthday parties and encouraged him to visit on numerous occasions while she had custody, whereas he withheld information about schooling and refused her admittance to the apartment when they were with him. The grant of residential custody to the mother was proper, supported by the record, and was balanced with ample rights of access to the father at holidays and year-round.

The mother contends the court erred with regard to the particular days and schedule of the father's visitation, his role in planning extracurricular activities, and the split of holidays. In light of the father's intense involvement in the children's lives, as well as the parties' equal split of time with the children over the past five years, we find the court's allocation to have been a proper exercise of discretion.

With regard to the geographical limitation on the mother's relocation, she points to a Yorktown Heights house 41 miles away in which she can stay with the children. Given the proximity of the respective parental residences to each other, the court providently exercised its discretion in limiting the mother's relocation to a reasonable distance of 35 miles from the father's home. Concur—Friedman, J.P., McGuire, Acosta, DeGrasse and Freedman, JJ.