■ In the Matter of LEE ANN RIEDEL, Appellant, v PAUL RIEDEL, Respondent. [876 NYS2d 907]—In a proceeding, in effect, pursuant to Domestic Relations Law articles 5 and 5-A to modify the visitation provisions of a judgment of divorce entered in the State of Florida, the mother appeals from an order of the Supreme Court, Suffolk County (McNulty, J.), dated March 17, 2008, which, without a hearing, denied her petition.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the mother's contention, the Supreme Court properly denied, without a hearing, her petition to modify the visitation provisions of the Florida judgment of divorce. "Modification of an existing custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (*Matter of Molinari v Tuthill*, 59 AD3d 722, 723 [2009]; *see Matter of Shockome v Shockome*, 53 AD3d 618, 619 [2008]). A person seeking a change in visitation is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing (*see Matter of Rodriguez v Hangartner*, 59 AD3d 630 [2009]; *Matter of Mennuti v Berry*, 59 AD3d 625 [2009]; *Matter of Hermanowski v Hermanowski*, 57 AD3d 777, 778 [2008]). Here, the mother failed to make an evidentiary showing of a subsequent change in circumstances sufficient to warrant a hearing.

The mother's remaining contentions are without merit. Rivera, J.P., Balkin, Leventhal and Lott, JJ., concur.