■ In the Matter of FREDA LEICHTER-KESSLER, Appellant, v CHARLES KESSLER, Respondent. [897 NYS2d 639]—In related custody and visitation proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from (1) so much of an order of the Family Court, Westchester County (Klein, J.), dated January 26, 2009, as, without a hearing, granted the father's motion to dismiss her petition, inter alia, for sole custody of the subject child, and (2) stated portions of an order of the same court dated June 4, 2009, which, without a hearing, among other things, denied that branch of her motion which was to remove the attorney for the child.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly dismissed, without a hearing, the mother's petition, inter alia, for sole custody of the subject child. Modification of an existing custody or visitation arrangement is

permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child. A party seeking a change in visitation or custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing (*see Matter of Grant v Hunter*, 64 AD3d 779 [2009]; *Matter of Riedel v Riedel*, 61 AD3d 979 [2009]). Here, the mother's assertions were unsubstantiated, conclusory, and flatly contradicted by the record. Accordingly, she failed to make the requisite showing (*see Matter of Grant v Hunter*, 64 AD3d 779 [2009]; *Matter of Reilly v Reilly*, 64 AD3d 660 [2009]; *Matter of Mennuti v Berry*, 59 AD3d 625 [2009]; *Matter of Blackstock v Price*, 51 AD3d 914 [2008]; *Matter of Davis v Venditto*, 45 AD3d 837 [2007]; *Shapira v Shapira*, 283 AD2d 477, 478 [2001]).

The Family Court properly declined to remove the attorney for the child based on the mother's unsubstantiated allegations of bias (*see Matter of Damien P.C. v Jennifer H.S.*, 57 AD3d 295 [2008]; *Matter of Aaliyah Q.*, 55 AD3d 969, 971 [2008]; *Matter of Brittany W.*, 25 AD3d 560 [2006]).

The mother's remaining contentions are without merit. Fisher, J.P., Leventhal, Belen and Sgroi, JJ., concur.