■ In the Matter of DEBRA M. WAKEFIELD, Appellant, v ARTHUR R. WAKEFIELD, Respondent. [902 NYS2d 421]—In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Boggio, Ct. Atty. Ref.), dated May 11, 2009, as, without a hearing, granted the father's motion to dismiss her amended petition to modify the parties' judgment of divorce so as to award her sole custody of the parties' child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child (*see Trinagel v Boyar*, 70 AD3d 816, 816 [2010]; *Matter of Delano v Desimone*, 60 AD3d 673, 673 [2009]; *Matter of Zeis v Slater*, 57 AD3d 793, 794 [2008]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Ross v Ross*, 68 AD3d 878, 878 [2009]). A parent seeking a change of custody is not automatically entitled to a hearing, but must make some evidentiary showing of a change in circumstances sufficient to warrant a hearing (*see Matter of Ross v Ross*, 68 AD3d at 878-879). Here, the mother failed to allege a change of circumstances sufficient to warrant a hearing (*see Matter of Pignataro v Davis*, 8 AD3d 487 [2004]; *Matter of Rosenberg v Rosenberg*, 261 AD2d 623 [1999]). Accordingly, the Family Court properly granted, without a hearing, the father's motion to dismiss the mother's amended petition to modify the parties' judgment of divorce so as to award her sole custody of the parties' child. Skelos, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.