In the Matter of BASMATTIE DEOCHAND, Appellant, v HEMCHANDRA DEOCHAND, Respondent. [914 NYS2d 668]—

In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (O'Shea, J.), dated March 22, 2010, which, without a hearing, denied her petition to modify an order of the same court (Morganstern, J.), dated May 14, 2003, entered upon the parties' consent, awarding joint legal custody of the subject child, with residential custody to the mother, so as to award her sole legal custody of the child, and dismissed the proceeding.

Ordered that the order dated March 22, 2010, is affirmed, without costs or disbursements.

By order of the Family Court dated May 14, 2003, entered on the parties' consent, the mother and father were awarded joint legal custody of their child with residential custody awarded to the mother. The mother subsequently petitioned for a modification of the custody order so as to award her sole legal custody of the subject child.

"Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (*Matter of Pignataro v Davis*, 8 AD3d 487, 488 [2004]; *see Eschbach v*

*Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Ruggiero v Noe*, 77 AD3d 959, 960 [2010]). "A party seeking a change in . . . custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing" (*Matter of Leichter-Kessler v Kessler*, 71 AD3d 1148, 1149 [2010]; *see Matter of Mazzola v Lee*, 76 AD3d 531, 531 [2010]; *Matter of Riedel v Riedel*, 61 AD3d 979 [2009]).

In this case the mother failed to make a sufficient evidentiary showing to support her conclusory and nonspecific allegations that a change in circumstances justified a hearing on the issue of whether awarding her sole custody would be in the best interests of the child (*see Matter of Blackstock v Price*, 51 AD3d 914, 915 [2008]; *Matter of Davis v Venditto*, 45 AD3d 837, 838 [2007]; *Matter of El-Sheemy v El-Sheemy*, 35 AD3d 738, 739 [2006]; *see also Matter of Mennuti v Berry*, 59 AD3d 625 [2009]). Accordingly, the Family Court providently exercised its discretion in denying, without a hearing, her petition to modify the existing custody order. Mastro, J.P., Rivera, Austin and Roman, JJ., concur.