■ In the Matter of DARIUSZ MAZURKIEWICZ, Appellant, v SYLWIA PINDOR-MAZURKIEWICZ, Respondent. [914 NYS2d 657]—

In a visitation proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from stated portions of an order of the Family Court, Queens County (Friedman, J.H.O.), dated September 29, 2009, which, without a hearing, inter alia, denied his petition, in effect, to modify visitation as set forth in a stipulation of settlement dated July 3, 2007, which was incorporated but not merged into the parties' judgment of divorce dated March 20, 2008.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the father's contentions, the Family Court properly denied, without a hearing, his petition, in effect, to modify the visitation provisions of the stipulation of settlement dated July 3, 2007. "Modification of an existing custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (*Matter of Grant v Hunter*, 64 AD3d 779 [2009] [internal quotation marks omitted]; *Matter of Riedel v Riedel*, 61 AD3d 979 [2009]). A person seeking a change in visitation or custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing (*see Matter of Leichter-Kessler v Kessler*, 71 AD3d 1148, 1149 [2010]; *Matter of Reilly v* Reilly, 64 AD3d 660, 660 [2009]). Here, the father's assertions were unsubstantiated and conclusory. Accordingly, he failed to make the requisite showing.

The mother's contention that the father should have been ordered to provide her with his mobile telephone number is not properly before this Court (*see Matter of Nationwide Ins. Enter. v Harris*, 44 AD3d 947, 949 [2007]; *Master-Built Constr. Co., Inc. v Thorne*, 22 AD3d 536, 536-537 [2005]).

The parties' remaining contentions are without merit. Rivera, J.P., Dickerson, Lott and Sgroi, JJ., concur.