■ GREGORY J. VACCARO, Appellant, v MICHELE A. VACCARO, Respondent. [919 NYS2d 898]—

In a matrimonial action, in which the parties were divorced by judgment entered October 16, 2009, the plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Crecca, J.), dated June 30, 2010, as, without a hearing, denied those branches of his motion which were, in effect, to modify visitation as set forth in a stipulation of settlement dated March 4, 2009, which was incorporated but not merged into the parties' judgment of divorce, and for leave to enter a money judgment for arrears for child care, medical expenses, and the cost of obtaining a certificate of occupancy for the marital residence.

Ordered that the order is modified, on the facts, by deleting the provision thereof denying that branch of the father's motion which was for leave to enter a money judgment, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine the actual amount of arrears, if any, and a new determination; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Modification of an existing visitation arrangement is permissible only upon the showing of a material change of circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child (*see Matter of Mazurkiewicz v Pindor-Mazurkiewicz*, 80 AD3d 615 [2011]; *Matter of Collazo v Collazo*, 78 AD3d 1177 [2010]). "A person seeking a change in visitation or custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing" (*Matter of Mazurkiewicz v Pindor-*

*Mazurkiewicz*, 80 AD3d at 616). Here, the father failed to make that showing. Thus, the court properly denied that branch of his motion which was to modify visitation as set forth in the parties' stipulation of settlement.

The legitimacy and amount of the claimed arrears for child care expenses, medical expenses, and the cost of obtaining a certificate of occupancy for the marital residence cannot be determined on this record (*see Gnoza v Gnoza*, 293 AD2d 571, 572 [2002]). Accordingly, the matter must be remitted to the Supreme Court, Suffolk County, for a hearing on this issue and a new determination (*see D'Anna v D'Anna*, 17 AD3d 400, 401-402 [2005]; *Vogel v Vogel*, 12 AD3d 592, 592-593 [2004]). Rivera, J.P., Chambers, Hall and Lott, JJ., concur.