In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Marón, J.), dated November 1, 2011, as denied, without a hearing, those branches of her motion which were to modify the custody provisions set forth in a stipulation of settlement dated February 13, 2007, so as to award her sole legal and physical custody of the parties’ children and for the appointment of an attorney for the children.
Ordered that the order is affirmed insofar as appealed from, with costs.
Contrary to the mother’s contention, the Supreme Court properly denied, without a hearing, that branch of her motion which sought to modify the custody provisions set forth in a stipulation of settlement dated February 13, 2007, so as to award her sole legal and physical custody of the parties’ children. “ ‘A modification of an existing custody arrangement should be allowed only upon a showing of a sufficient change in circumstances demonstrating a real need for a change of custody in order to insure the child’s best interests’ ” (Matter of Dorsa v Dorsa, 90 AD3d 1046, 1046 [2011], quoting Matter of Nava v Kinsler, 85 AD3d 1186, 1186 [2011]). “A party seeking a change in visitation or custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing” (Matter of Leichter-Kessler v Kessler, 71 AD3d 1148, 1149 [2010]; see Matter of Grant v Hunter, 64 AD3d 779 [2009]; Matter of Riedel v Riedel, 61 AD3d 979 [2009]). Contrary to the mother’s contention, the Supreme Court properly *1297 determined that the conclusory and unsubstantiated allegations set forth in her motion papers were insufficient to justify a hearing on the issue of whether awarding her sole custody would be in the best interests of the children (see Matter of Mazurkiewicz v Pindor-Mazurkiewicz, 80 AD3d 615, 616 [2011]; Matter of Grant v Hunter, 64 AD3d at 779; Matter of Blackstock v Price, 51 AD3d 914, 915 [2008]; Arcabascio v Arcabascio, 48 AD3d 606, 607 [2008]; Nash v Yablon-Nash, 16 AD3d 471, 471 [2005]; Shapira v Shapira, 283 AD2d 477, 478 [2001]; Itchkow v Itchkow, 275 AD2d 442, 442 [2000]).
The mother’s remaining contention has been rendered academic in light of our determination. Dillon, J.E, Florio, Lott and Sgroi, JJ., concur.