*638 In a child custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Suffolk County (Freundlich, J.), dated August 22, 2011, which, without a hearing, in effect, dismissed her petition to modify an order of custody and visitation of the same court dated November 10, 2010, inter alia, awarding custody of the parties’ child to the father, (2) an order of the same court dated September 7, 2011, which, without a hearing, in effect, dismissed her petition for a writ of habeas corpus seeking a return of the parties’ child, (3) an order of the same court, also dated September 7, 2011, which, without a hearing, in effect, dismissed her petition to enforce the visitation provisions of the order dated November 10, 2010, among other things, awarding her supervised visitation, and (4) an order of the same court, also dated September 7, 2011, which, without a hearing, in effect, dismissed her second petition to modify the order of custody and visitation of the same court dated November 10, 2010, so as to award her custody of the subject child.
Ordered that the orders are affirmed, without costs or disbursements.
The Family Court properly, in effect, dismissed, without a hearing, the mother’s two petitions to modify an order of custody and visitation so as to award her custody of the subject child, one by order dated August 22, 2011, and the other by order dated September 7, 2011. One who seeks a change in custody or visitation is not automatically entitled to a hearing, but must make a sufficient evidentiary showing of a material change of circumstances to warrant a hearing (see Matter of Getreu v Bossert, 82 AD3d 1098, 1099 [2011]; Matter of Collazo v Collazo, 78 AD3d 1177 [2010]; Matter of Reilly v Reilly, 64 AD3d 660 [2009]; Matter of Rodriguez v Hangartner, 59 AD3d 630, 630-631 [2009] ). Here, the mother’s assertions were unsubstantiated and conclusory, or did not allege a material change in circumstances. Accordingly, she failed to make the requisite showing (see Matter of Mazurkiewicz v Pindor-Mazurkiewicz, 80 AD3d 615, 616 [2011]; Matter of Leichter-Kessler v Kessler, 71 AD3d 1148, 1149 [2010]; Matter of Reilly v Reilly, 64 AD3d at 660).
In addition, the Family Court did not err by, in effect, dismissing the petition for a writ of habeas corpus as deficient. A writ of habeas corpus is not the proper procedure for seeking review of the Family Court’s order of custody and visitation entered upon the mother’s default (see CPLR 7002 [a]; People ex rel. Karen FF. v Ulster County Dept. of Social Servs., 79 AD3d 1187 [2010]; Matter of Conchita J. v Scopetta, 273 AD2d 238 [2000]; *639 Matter of Minella v Amhrein, 131 AD2d 578, 579 [1987]). The proper procedure is to move to vacate the order of custody and visitation, and, if the motion is denied, to appeal from the order denying the motion (see Matter of Johnson v Lee, 89 AD3d 733 [2011]; Matter of Lorraine D. v Widmack C., 79 AD3d 745 [2010]).
Finally, the Family Court did not err by, in effect, dismissing, without a hearing, the petition to enforce the visitation provisions of the order of custody and visitation, as the allegations of the petition were conclusory and unsubstantiated. Rivera, J.R, Angiolillo, Chambers and Roman, JJ., concur.