*713 In an action for a divorce and ancillary relief, the mother appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated March 9, 2012, as, without a hearing, denied that branch of her motion which was, in effect, to modify the custody provisions of the parties’ stipulation of settlement dated April 10, 2009, so as to award her primary residential custody of the subject children.
Ordered that the order is affirmed insofar as appealed from, with costs.
Contrary to the mother’s contention, the Supreme Court properly denied, without a hearing, that branch of her motion which was to modify the custody provisions of the parties’ stipulation of settlement. “Modification of an existing custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child” (Matter of Leichter-Kessler v Kessler, 71 AD3d 1148, 1148-1149 [2010]; Matter of Grant v Hunter, 64 AD3d 779, 779 [2009] [internal quotation marks omitted]; Matter of Riedel v Riedel, 61 AD3d 979, 979 [2009] [internal quotation marks omitted]; see Sirabella v Sirabella, 95 AD3d 1296 [2012]). “ A party seeking a change in visitation or custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing’ ” (Sirabella v Sirabella, 95 AD3d at 1296, quoting Matter of Leichter-Kessler v Kessler, 71 AD3d at 1149; see Matter of Grant v Hunter, 64 AD3d at 779; Matter of Riedel v Riedel, 61 AD3d at 979). Here, the mother failed to make an evidentiary showing of a change in circumstances sufficient to warrant a hearing (see Sirabella v Sirabella, 95 AD3d at 1296-1297; Matter of Fitje v Fitje, 87 AD3d 599, 600 [2011]; Matter of Deochand v Deochand, 80 AD3d 609, 610 [2011]; Matter of Wakefield v Wakefield, 74 AD3d 1213 [2010]; Matter of Grant v Hunter, 64 AD3d at 779; Matter of Blackstock v Price, 51 AD3d 914, 915 [2008]; Matter of Davis v Venditto, 45 AD3d 837, 838 [2007]). Angiolillo, J.E, Austin, Sgroi and Miller, JJ., concur.