In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Moriber, Ct. Atty. Ref.), dated July 26, 2013, which, without a hearing, dismissed her petition to modify a prior order of the same court (Ebrahimoff, Ct. Atty. Ref.), dated March 19, 2010, as amended by another order of the same court (Stanton, Ct. Atty. Ref.), dated April 23, 2012, so as to award her sole custody of the parties’ child and to award only daytime visitation to the father until he obtains “suitable housing,” denied her request to remove and replace the attorney for the child, and directed her to obtain permission from a Family Court judge before filing any future petitions.
Ordered that the order dated July 26, 2013, is affirmed, with costs.
The Family Court providently exercised its discretion in dismissing, without a hearing, the mother’s petition to modify an existing custody order so as to award her sole custody of the subject child and to award only daytime visitation to the father until he obtains “suitable housing.” The mother was required to make “an evidentiary showing sufficient to warrant a hearing” based upon a subsequent change in circumstances (Matter of Grant v Hunter, 64 AD3d 779, 779 [2009]), such that a modification is necessary to ensure the continued best interests and welfare of the child (see Matter of Gurewich v Gurewich, 58 AD3d 628, 629 [2009]). The mother failed to do so (see Matter of Palmiotti v Piscitelli, 100 AD3d 637, 638 [2012]; Matter of Dowgiallo v Williams, 99 AD3d 708 [2012]; Matter of Aronowich-Culhane v Fournier, 94 AD3d 1114 [2012]; Matter of Mazurkiewicz v Pindor-Mazurkiewicz, 80 AD3d 615 [2011]).
*962 The mother’s remaining contentions are either without merit, not properly before this Court, or need not be addressed in light of our determination.
Mastro, J.R, Skelos, Cohen and LaSalle, JJ., concur.