■ Roseanne Magee, Respondent, v Thomas Magee, Appellant. [989 NYS2d 615]—

In a matrimonial action in which the parties were divorced by a judgment dated June 24, 2010, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Currier Woods, J.), dated April 30, 2013, as, without a hearing, in effect, denied those branches of his motion which were to modify the parties' stipulation of settlement dated May 11, 2010, which was incorporated but not merged into the parties' judgment of divorce, so as to award him, inter alia, sole custody of the subject children or, alternatively, liberal visitation with them.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Modification of an existing visitation arrangement is permissible only upon the showing of a material change of circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" *(Vaccaro v Vaccaro*, 83 AD3d 691 [2011]). "[O]ne who seeks a change in visitation is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing" *(Matter of Collazo v Collazo*, 78 AD3d 1177, 1177 [2010]). Contrary to the father's contention, the Supreme Court properly denied, without a hearing, his motion to modify the provisions of the parties' stipulation of settlement regarding custody and visitation *(see Matter of Sullivan v Moore*, 95 AD3d 1223 [2012]; *Matter of Francois v Grimm*, 84 AD3d 1082 [2011]; *Matter of Figueroa v Lewis*, 81 AD3d 823 [2011]; *Matter of Mazurkiewicz v Pindor-Mazurkiewicz*, 80 AD3d 615, 616 [2011]). The father's assertions were unsubstantiated and conclusory or did not allege a material change in circumstances. Accordingly, he failed to make the requisite showing *(see Matter of Palmiotti v Piscitelli*, 100 AD3d 637, 638 [2012]; *Matter of Aronowich-Culhane v Fournier*, 94 AD3d 1114, 1115 [2012]). Balkin, J.P., Austin, LaSalle and Barros, JJ., concur.