In the Matter of ELEANOR ACWORTH, Appellant, v ERICHSEN KOLLMAR, Respondent. [989 NYS2d 612]—

In a child custody proceeding pursuant to Family Court Act

article 6, the mother appeals from an order of the Family Court, Dutchess County (Sammarco, J.), dated August 1, 2013, which, without a hearing, granted the father's motion to dismiss her petition to change custody of the subject children to her.

Ordered that the order is affirmed, with costs.

In 2011, the mother moved in the Supreme Court, inter alia, in effect, to modify the custody provisions of the parties' stipulation of settlement dated April 10, 2009, so as to award her residential custody of the subject children. The Supreme Court, without a hearing, denied that branch of her motion. On appeal, this Court affirmed, holding that "the mother failed to make an evidentiary showing of a change in circumstances sufficient to warrant a hearing" (*Kollmar v Kollmar*, 100 AD3d 712, 713 [2012]).

Thereafter, the mother commenced this proceeding in the Family Court to change custody of the subject children to her. The father moved to dismiss the petition, and the Family Court, without a hearing, granted the father's motion.

"[M]odification of an existing custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (*Matter of Leichter-Kessler v Kessler*, 71 AD3d 1148, 1148-1149 [2010]; *see Nusbaum v Nusbaum*, 106 AD3d 791, 793 [2013]; *Sirabella v Sirabella*, 95 AD3d 1296, 1296 [2012]). "A party seeking a change in visitation or custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing" (*Sirabella v Sirabella*, 95 AD3d at 1296 [internal quotation marks omitted]; *see Nusbaum v Nusbaum*, 106 AD3d at 793; *Matter of Grant v Hunter*, 64 AD3d 779, 779 [2009]; *Matter of Riedel v Riedel*, 61 AD3d 979, 979 [2009]).

The allegations the mother raises in this proceeding were, for the most part, raised by the mother in her 2011 motion. As was the case with her 2011 motion, in this proceeding the mother failed to make an evidentiary showing sufficient to warrant a hearing (*see Sirabella v Sirabella*, 95 AD3d at 1296-1297; *Matter of Fitje v Fitje*, 87 AD3d 599, 600 [2011]; *Matter of Wakefield v Wakefield*, 74 AD3d 1213 [2010]).

Accordingly, the Family Court properly granted the father's motion to dismiss the petition. Mastro, J.P., Dickerson, Cohen and Miller, JJ., concur.