■ In the Matter of MARCUS B. HILLORD, Appellant, v TASHUNDA L. DAVIS, Respondent. [1 NYS3d 224]—

Appeal from an order of the Family Court, Kings County (Marilyn Shafer, J.H.O.), dated October 17, 2013. The order dismissed, without a hearing, the father's petition to modify a prior order of custody and visitation.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for a hearing to determine whether a modification of the visitation schedule is in the best interests of the child.

The Family Court improperly dismissed the father's petition to modify a prior order of custody and visitation without holding a hearing. "Modification of an existing court-sanctioned custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (*Matter of O'Shea v Parker*, 116 AD3d 1051, 1051 [2014]; *see Matter of Jasiah T.-V.S.J. [Joshua W.]*, 123 AD3d 717, 717-718 [2d Dept 2014]). "[O]ne who seeks a change in visitation is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing" (*Matter of Collazo v Collazo*, 78 AD3d 1177, 1177 [2010]; *see Magee v Magee*, 119 AD3d 658, 659 [2014]).

Here, the father met his burden, as the modification petition alleged that, since the date when the existing visitation schedule was established, the father's work schedule had changed and was interfering with his meaningful visitation with the child. Therefore, the order must be reversed, the petition reinstated, and the matter remitted to the Family Court, Kings County, for a hearing to determine whether a modification of the visitation schedule is in the best interests of the subject child (*see Matter of Jean v Washington*, 71 AD3d 1145, 1146 [2010]).

In light of the foregoing, we need not reach the father's remaining contentions. Leventhal, J.P., Chambers, Hall and Duffy, JJ., concur.