Matter of Jacobellis v Nizen (2019 NY Slip Op 07257)





Matter of Jacobellis v Nizen


2019 NY Slip Op 07257


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2019-00313
 (Docket No. F-9257-18/18A)

[*1]In the Matter of Karen M. Jacobellis, respondent,
v
Jeffrey F. Nizen, appellant.


Law Offices of Russell I. Marnell, P.C., East Meadow, NY, for appellant.
Karen M. Jacobellis, Lindenhurst, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (David Morris, J.), dated December 12, 2018. The order, insofar as appealed from, denied the father's objections to so much of an order of the same court dated August 16, 2018 (Aletha V. Fields, S.M.), as, after a hearing, directed the father to pay the sums of $6,654.47 for unreimbursed health-related expenses, $1,996.50 for extracurricular expenses, $2,375.12 for college expenses, and $31,250 for "prior unsecured arrears."
ORDERED that the order dated December 12, 2018, is reversed insofar as appealed from, on the facts, with costs, the father's objections to so much of the order dated August 16, 2018, as directed him to pay the sums of $6,654.47 for unreimbursed health-related expenses, $1,996.50 for extracurricular expenses, $2,375.12 for college expenses, and $31,250 for "prior unsecured arrears" are granted, those portions of the order dated August 16, 2018, are vacated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings in accordance herewith.
The parties, who had two children together, divorced in 2017. They entered into a separation agreement in August 2008, and an amendment to the separation agreement in May 2017, both of which were incorporated but not merged into the subsequent judgment of divorce. In relevant part, the separation agreement provided that the father would pay the mother child support, and that the father would pay for 75% of the cost of extracurricular activities and unreimbursed medical, dental, and psychiatric expenses for the parties' children. The amendment to the separation agreement provided, in relevant part, that the father owed arrears for child support, maintenance, and "add-ons" in the total sum of $34,050, which he would pay at a rate of $50 per week until August 31, 2018, and thereafter at a rate of $400 per week. The amendment also provided that the father was obligated to pay for 33% of certain college expenses for the parties' children.
In June 2018, the mother filed a petition alleging, inter alia, that the father had willfully failed to make required payments. In an order dated August 16, 2018, made after a hearing, the Support Magistrate, inter alia, directed the father to pay the sums of $6,654.47 for unreimbursed health-related expenses, $1,996.50 for extracurricular expenses, $2,375.12 for college expenses, and $31,250 for "prior unsecured arrears." Thereafter, the father filed objections to the order dated August 16, 2018, and in an order dated December 12, 2018, the Family Court denied the father's [*2]objections. The father appeals from the order dated December 12, 2018.
"A stipulation of settlement entered into by parties to a divorce proceeding constitutes a contract between them subject to the principles of contract interpretation," and "[w]here the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used" (Matter of Miller v Fitzpatrick, 147 AD3d 845, 846-847; see Ayers v Ayers, 92 AD3d 623, 624). Here, the stipulation of settlement unambiguously provided that "[t]he mother reserves all enforcement remedies, including but not limited to pursuit of a money . . . judgment, if the father violates the repayment terms set forth herein" (emphasis added). At the hearing, the mother did not testify or present any evidence that the father violated his obligation to pay $50 per week towards his arrears in the total sum of $34,050. Moreover, the father averred that he had not defaulted in making the required weekly payments towards arrears. Therefore, the Family Court should have granted the father's objection to so much of the order dated August 16, 2018, as directed him to pay the sum of $31,250 for "prior unsecured arrears."
Furthermore, the legitimacy and amount of the claimed arrears for unreimbursed health-related expenses, extracurricular expenses, and college expenses cannot be determined on this record (see Vaccaro v Vaccaro, 83 AD3d 691, 692; Matter of Parker v Parker, 74 AD3d 1076; Kennedy v Kennedy, 62 AD3d 755, 756; Gnoza v Gnoza, 293 AD2d 571, 572). With regard to the award for unreimbursed health-related expenses, there is no explanation in the record as to how the total sum of $6,654.47 was calculated, and the Family Court did not address the father's claim that the total sum of $6,654.47 included expenses which he was not obligated to pay under the separation agreement. With regard to the award for extracurricular expenses, the record reflects that several of the expenses were incurred prior to the May 2017 amendment to the separation agreement, and thus, may have already been included in the "add-ons" component of the total arrears of $34,050 which the father agreed to pay at a rate of $50 per week. In addition, the record reflects that several of the extracurricular expenses included the cost of travel, which the father was exempted from having to pay. Further, with regard to college expenses, there is no explanation in the record as to how the total sum of $2,375.12 was calculated, and the Support Magistrate did not indicate whether that award included expenses for room and board and a meal plan, which the father was exempted from having to pay. Consequently, the court should have granted the father's objections to so much of the order dated August 16, 2018, as directed him to pay the sums of $6,654.47 for unreimbursed health-related expenses, $1,996.50 for extracurricular expenses, and $2,375.12 for college expenses, to the extent of remitting the matter to the Support Magistrate for a new determination as to the amounts owed by the father for those expenses, and to articulate how the amounts owed are calculated.
The father's remaining contentions either are not properly before this Court, are without merit, or need not be reached in light of our determination.
SCHEINKMAN, P.J., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court