Matter of Savage v Morales (2021 NY Slip Op 01981)





Matter of Savage v Morales


2021 NY Slip Op 01981


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2020-07616
 (Docket No. V-19770-14/19E)

[*1]In the Matter of Margaret Michelle Waldman Savage, appellant, 
v
Richard Morales, respondent.


Larry S. Bachner, New York, NY, for appellant.
Patrick R. Garcia, Brooklyn, NY, for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Kathleen C. Waterman, J.), dated September 22, 2020. The order, without a hearing, granted the father's motion to dismiss the mother's petition to modify an order of disposition of the Family Court, New York County (Rhoda J. Cohen, J.), dated October 5, 2012, upon a finding of neglect against the mother, inter alia, awarding sole legal and physical custody of the parties' child to the father.
ORDERED that the order is affirmed, without costs or disbursements.
In August 2019, the mother filed her sixth petition to modify an order of disposition of the Family Court, New York County, dated October 5, 2012 (hereinafter the October 2012 order). The October 2012 order, upon a finding that the mother neglected the parties' child due to her untreated mental illness, among other things, awarded sole legal and physical custody of the child to the father, directed the mother to stay away from the father and the child for a period of one year, and required the mother to provide evidence that she was compliant with mental health services in order to file a petition to modify the October 2012 order. The October 2012 order was affirmed by the Appellate Division, First Department (see Matter of Devin M. [Margaret W.], 119 AD3d 435). In an order dated March 25, 2019, the Family Court, New York County, directed that the mother was required to obtain permission from the court prior to filing any future petitions to modify the October 2012 order.
The father moved to dismiss the petition on the ground, inter alia, that the mother had failed to demonstrate that she was compliant with mental health services. The father alleged that the mother was required to do so as a condition precedent to filing a modification petition. In an order dated September 22, 2020, the Family Court, Kings County, granted the father's motion to dismiss the petition without a hearing, noting that the mother had not obtained permission to file the petition. The mother appeals.
Since the mother failed to seek the Family Court's permission prior to filing the modification petition at issue, the court acted within its discretion in granting the father's motion to dismiss the petition without a hearing (see Matter of Pavic v Djokic, 152 AD3d 696, 697). In any event, the mother failed to allege that there has been a change in circumstances such that modification is required to protect the best interests of the child (see Matter of Besen v Besen, 127 AD3d 1076, 1077; Magee v Magee, 119 AD3d 658, 659). To survive a motion to dismiss, a petition to modify a prior order of custody and visitation must contain factual allegations of a change in circumstances warranting modification to ensure the best interests of the child (see Matter of Abayomi v Guevara, 181 AD3d 589, 589; Magee v Magee, 119 AD3d at 659). Here, the mother's petition was based on unsubstantiated concerns and speculation about the child. The mother did not allege that she was compliant with mental health services or that she obtained permission of the court to file the petition. As such, the mother was not entitled to a hearing on her petition (see Matter of Abayomi v Guevara, 181 AD3d at 589; Magee v Magee, 119 AD3d at 659).
DILLON, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court