Matter of Edem v Wondemagegehu (2021 NY Slip Op 06169)





Matter of Edem v Wondemagegehu


2021 NY Slip Op 06169


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
WILLIAM G. FORD, JJ.


2020-06804
 (Docket Nos. V-1700-19, V-1701-19)

[*1]In the Matter of Orok Edem, appellant, 
v
Kidist Wondemagegehu, respondent.


Amy J. Barrett, New York, NY, for appellant.
Janet E. Sabel, Brooklyn, NY (Jean Callahan and Oren J. Haymovits of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of dismissal of the Family Court, Richmond County (Alexandra Byun, Ct. Atty. Ref.), dated August 26, 2020. The order of dismissal, without a hearing, dismissed the father's petition to modify the custody provisions of the parties' judgment of divorce.
ORDERED that the order of dismissal is affirmed, without costs or disbursements.
The parties are the divorced parents of two children. A judgment of divorce dated December 17, 2018, was entered, upon, inter alia, an order of the Supreme Court dated August 22, 2017, awarding the mother sole legal and residential custody of the children, with parental access to the father. The father appealed from stated portions of the judgment of divorce in a related appeal (Wondemagegehu v Edem, _____ AD3d _____ [decided herewith]).
In April 2019, the father commenced a proceeding in the Family Court, Richmond County, to modify the custody provisions of the parties' judgment of divorce, alleging that a change in circumstances warranted awarding the parties joint legal and residential custody of the children. In an order dated December 17, 2019, the Family Court granted the mother's motion to dismiss the petition. In an order of dismissal, also dated December 17, 2019, the court, without a hearing, dismissed the petition.
On or about February 11, 2020, the father commenced the instant proceeding for the same relief, alleging a change in circumstances in that the mother was not adequately supervising the children and the older child had been recently suspended from school for allegedly bringing a metal nail file to school. In an order dated August 26, 2020, the Family Court granted the mother's motion to dismiss the petition. An order of dismissal, also dated August 26, 2020, without a hearing, dismissed the petition. The father appeals.
"An order of custody may be modified only upon a showing that there has been a subsequent change in circumstances such that modification is required to ensure the best interests of the child" (Matter of Alphonse v Alphonse, 189 AD3d 1028, 1029; see Matter of Shisgal v Abels, 179 AD3d 1070, 1071). "Before subjecting children and their parents to additional litigation, courts [*2]require that, before a full hearing is ordered, the parent seeking a change of custody must make an evidentiary showing of a change in circumstances demonstrating a need to conduct a full hearing into whether a change of custody is appropriate in order to insure the child's best interests" (Matter of Newton v McFarlane, 174 AD3d 67, 76-77; see Matter of Slade v Haymes, 176 AD3d 1078, 1079; see also Matter of Fitje v Fitje, 87 AD3d 599, 600).
Here, the father failed to make a showing of a change in circumstances, "occurring after the conclusion of the last hearing or proceeding" (Matter of Newton v McFarlane, 174 AD3d at 79), sufficient to warrant a hearing (see Matter of Acworth v Kollmar, 119 AD3d 676, 677). The father's most recent allegations do not constitute a material change in circumstances sufficient to warrant a hearing as to whether a modification of custody is necessary to ensure the continued best interests of the children (see Matter of Valencia v Ripley, 128 AD3d 711, 713; cf. Matter of Mack v Kass, 115 AD3d 748, 748; Matter of Dana H. v James Y., 89 AD3d 844, 845-846).
Accordingly, the Family Court properly granted the mother's motion to dismiss the father's petition, and properly dismissed, without a hearing, the father's petition (see Matter of Phillips v Nabial, 154 AD3d 695, 696).
The father's remaining contention is without merit.
RIVERA, J.P., AUSTIN, CONNOLLY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court