Beer v Beer (2023 NY Slip Op 05182)

Beer v Beer

2023 NY Slip Op 05182

Decided on October 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 12, 2023

Before: Webber, J.P., Kern, Singh, Scarpulla, Rosado, JJ. 

Index No. 308103/19 Appeal No. 756-757 Case No. 2022-05301 2023-01133 

[*1]Eleanor Chai Beer, Plaintiff-Respondent-Appellant,
v
Andrew Beer, Defendant-Appellant-Respondent. 

Katsky Korins LLP, New York (Adrienne B. Koch of counsel), for appellant-respondent.
Donohoe Talbert LLP, New York (Paul M. Talbert and Bernadette N. Schneider of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered October 12, 2022, which, to the extent appealed from as limited by the briefs, denied defendant husband's cross-motion to vacate or reform the maintenance provisions in the parties' Agreement of Settlement dated September 5, 2019 (the separation agreement), and denied plaintiff wife's motion for a money judgment on unpaid maintenance arrears in the amount of $70,857, unanimously modified, on the law, the wife's motion for a money judgment on unpaid maintenance arrears granted, the matter remanded for entry of a money judgment in the amount of the outstanding maintenance arrears, and otherwise affirmed, without costs. Order, same court and Justice, entered February 16, 2023, which granted the wife's motion to the extent it sought counsel fees, unanimously affirmed, without costs.
The court correctly determined that the maintenance provisions of the parties' separation agreement, incorporated by reference in the parties' judgment of divorce, were enforceable. Having sought resolution of their marital maintenance by agreement, rather than by judicial intervention, Domestic Relations Law § 236B(3) governs. Thus, the agreement, which was "in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded," is valid and enforceable (Domestic Relations Law § 236B[3]). The husband's assertion that Domestic Relations Law § 236B(6) governs because he was unrepresented by counsel during the separation and divorce proceedings is thus unavailing, given the parties' valid separation agreement.
Contrary to the husband's contention, the separation agreement is not unconscionable, either procedurally or substantively (see Gillman v Chase Manhattan Bank, 73 NY2d 1, 10 [1988]). The husband elected not to retain counsel, although advised to do so multiple times. There is no indication in the record that this resulted in any overreaching in the drafting of the agreement. Rather, the husband is highly educated and proficient in business matters, and was heavily involved in negotiating and revising the agreement's terms (see id. at 11). Furthermore, given the parties' 28-year marriage, and the fact that the wife largely did not work for pay, the terms of the agreement requiring that the husband pay the wife 50% of his net after-tax income for a period of 10 years were not so manifestly unjust as to require setting them aside as being substantively unconscionable (see id. at 12; see also Logiudice v Logiudice, 67 AD3d 544, 545 [1st Dept 2009]).
Under the circumstances, the motion court properly denied the husband's request for recoupment of purported maintenance overpayments. Because the husband failed to provide the wife with documentation for her to determine his net after tax income, as required by the separation agreement, it would be inequitable to require the wife to refund any overpayments, to the extent they exist (see Levy v [*2]Braverman, 24 AD2d 430 [1st Dept 1965]). Moreover, despite the true up provisions of the agreement, which the husband in any event did not honor, refund of maintenance overpayments is generally disfavored (O'Donnell v O'Donnell, 153 AD3d 1357, 1359 [2d Dept 2017]).
The court, however, should not have determined that the income execution, awarded to the wife after the husband unilaterally prevented her from receiving a portion of his income, foreclosed entry of a money judgment on maintenance arrears (see Domestic Relations Law § 244; Seale v Seale, 154 AD3d 1190, 1194 [3d Dept 2017]; Gnoza v Gnoza, 293 AD2d 571, 571-572 [2d Dept 2003]). Accordingly, the matter is remanded for entry of a money judgment representing the outstanding maintenance arrears owed to the wife.
Because the wife is the prevailing party in her enforcement action, the court's award of counsel fees under the terms of the agreement was proper.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2023