Matter of Mills v Holley (2024 NY Slip Op 01547)

Matter of Mills v Holley

2024 NY Slip Op 01547

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-08075
 (Docket No. V-357-22)

[*1]In the Matter of Abdul H. Mills, appellant,
v
Michellee Janette Holley, respondent.

Lisa A. Manfro, Glen Cove, NY, for appellant.
Linda C. Braunsberg, Staten Island, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Eva D. Stein and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated July 27, 2022. The order, without a hearing, denied the father's petition for a writ of habeas corpus.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the parents of a child born in 2012. In November 2018, the Supreme Court granted the mother's application to relocate with the child from New York to Connecticut. In an order dated May 31, 2022 (hereinafter the custody order), the court awarded sole custody of the child to the mother and suspended the father's parental access upon the father's default in appearing at a scheduled court appearance. Thereafter, the father, who resides in New York, filed a petition for a writ of habeas corpus. In an order dated July 27, 2022, the court denied the father's petition, and the father appeals.
The Supreme Court properly denied the father's petition for a writ of habeas corpus. A writ of habeas corpus is not the proper procedure for seeking review of the custody order, which was entered upon the father's default (see Matter of Palmiotti v Piscitelli, 100 AD3d 637, 638; Matter of Conchita J. v Scopetta, 273 AD2d 238). The proper procedure is to move to vacate the custody order, and, if the motion is denied, to appeal from the order denying the motion (see Matter of Palmiotti v Piscitelli, 100 AD3d at 639; Matter of Conchita J. v Scopetta, 273 AD2d at 238).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court