■ In the Matter of ANDREW R. SUMAHIT, JR., Appellant, v SHATIKA GORHAM, Respondent. [19 NYS3d 88]—Appeal from an

order of the Family Court, Orange County (Carol S. Klein, J.), dated August 7, 2014. The order, in effect, dismissed, without a hearing, the father's petitions to enforce a prior order of visitation, and to modify that prior order of visitation.

Ordered that the order is affirmed, without costs or disbursements.

The parties are the parents of a daughter who was born in May 2008. The father alleges that in an order dated April 22, 2013 (hereinafter the visitation order), issued while he was incarcerated, the Family Court directed that he receive no fewer than two visits per month with the child. On August 1, 2014, the father filed three orders to show cause and accompanying petitions seeking to hold the mother in violation of the visitation order, to enforce that order, and to modify that order, respectively. Although the court signed the order to show cause accompanying the violation petition, it declined to sign the orders to show cause accompanying the enforcement and modification petitions, and, in effect, dismissed those petitions without a hearing.

Under the particular circumstances of this case, the Family Court properly, in effect, dismissed the father's petitions to enforce and to modify the visitation order. It is undisputed that both the enforcement petition and the pending violation petition were based on the mother's alleged failure to comply with the obligations imposed by the visitation order, and it was unnecessary for the father to bring separate proceedings to compel her compliance. Therefore, the enforcement petition was properly, in effect, dismissed. Furthermore, the father's modification petition failed to allege a change in circumstances since the entry of the visitation order that would support modification of that order and warrant a hearing (see Matter of Ali v Hines, 125 AD3d 851 [2015]; Matter of Castagnini v Hyman-Hunt, 123 AD3d 926 [2014]). In this regard, we note that it is also undisputed that prior to the filing of the modification petition, the Family Court had already designated an agency to facilitate visitation with the father at the facility where he was incarcerated. Eng, P.J., Balkin, Cohen and Duffy, JJ., concur.