■ In the Matter of ERIC R. HARRIS, JR., Appellant, v AIMEE S. THURMOND, Respondent. [42 NYS3d 831]—

Appeal by the father from an order of the Family Court, Queens County (Jane A. McGrady, Ct. Atty. Ref.), dated February 25, 2016. The order denied the father's petition, in effect, to vacate a prior order of that court dated August 17, 2015, and to modify an order of visitation of that court dated February 5, 2015.

Ordered that the order is affirmed, without costs or disbursements.

In an order dated February 5, 2015 (hereinafter the order of visitation), the father was awarded sole custody of the parties' child and the mother was awarded visitation. In March 2015, the mother filed a petition alleging that the father had violated the order of visitation. Thereafter, the Family Court conducted an inquest upon the father's failure to appear on the date scheduled for the hearing, followed by an in camera interview with the child. In an order dated August 17, 2015, the court determined, inter alia, that the father had willfully violated the order of visitation by alienating the child from the mother and interfering with her visitation.

Thereafter, the father filed a petition seeking, in effect, to vacate the order dated August 17, 2015, and to modify the order of visitation. In the order appealed from, the Family Court denied the petition.

The Family Court properly denied that branch of the father's petition which was, in effect, to modify the order of visitation. The father's modification petition failed to sufficiently allege a change in circumstances since the entry of the order of visitation that would warrant modification of that order (see Matter of Sumahit v Gorham, 133 AD3d 677, 678 [2015]).

Furthermore, under the circumstances of this case, the Family Court providently exercised its discretion in denying that branch of the father's petition which was, in effect, to vacate the order dated August 17, 2015 (cf. CPLR 5015 [a]). Rivera, J.P., Chambers, Roman and LaSalle, JJ., concur.